# Comfort *against* Mather.

A legacy lapses where the legatee, not being a lineal descendant of the testator, dies in his lifetime, notwithstanding the testator knew of his death and intended his children should have the benefit of the legacy.

The legal construction of a will cannot be explained or altered by parol declarations of the testator of his understanding of its meaning, or his intention to do something else.

ERROR to the Common Pleas of *Bucks* county.

This was an amicable action in debt by Samuel Comfort, guardian of the minor children of Sidney Eastburn, deceased, against Benjamin Mather and William Mitchell, executors of Mary Stackhouse, deceased; and was instituted to test the right to a certain legacy under the will of Mary Stackhouse.

[Comfort v. Mather.]

The following facts were submitted for the opinion of the court below, in the nature of a case stated, viz.:

Mary Stackhouse by her last will and testament in writing, dated and published on the 21st day of July 1836, bequeathed, *inter alia*, as follows: " I also give and bequeath to Sidney Eastburn, the wife of Jonathan Eastburn, the sum of $1000, to have and to hold to her the said Sidney Eastburn, her heirs and assigns, for ever." Which said will is considered a part of this case.

Sidney Eastburn, above named, died on the 23d day of April 1836, nearly three months previous to the execution of said will, leaving a husband and minor children, which circumstance and fact were well known to the testatrix from that time up to the day of her death, which occurred about the 1st of December 1838.

In the month of May following the death of the said Sidney Eastburn, the testatrix, in a conversation with Ann Bailey who was intimate with her, talked about the death of Sidney Eastburn, and said " she had lost one of her most intimate friends; and that she was afraid she had caught cold by coming to see her; that Sidney had done a great deal for her and had never been half paid." Ann Bailey replied, " you ought to make a present to her children." Testatrix then said, " they (the children meaning) should never lose any thing by her."

It is further agreed that Jonathan Eastburn is second-cousin to the testatrix, and as near related as any legatee named in her will; and that Sidney, his wife, was not in any way related, except by marriage.

If the court should be of opinion that the minor children of Sidney Eastburn are entitled to the legacy, then judgment to be entered for the plaintiff; but if the court should be of a contrary opinion, then judgment to be entered for the defendants. The opinion of the court to be considered in the nature of a special verdict; either party to be entitled to a writ of error.

The will above referred to, under which the legacy in question was claimed, is (after the usual introductory clauses) in the following words, viz.:

Secondly. I give and bequeath to Thomas P. Stackhouse, of the township of Abingdon, county of Montgomery, the sum of $1000, to have and to hold to him the said Thomas P. Stackhouse, his heirs and assigns for ever.

Thirdly. I give and bequeath to Sarah Paul, Elizabeth Paul, Anna Mary Paul, and John Paul, the children of Jonathan and Ann Paul, the sum of $1000 each. In case either of them does not survive at the time of my decease, and leave no lawful issue, my desire is that his or her share, so dying, shall be equally divided between the survivor or survivors of them, share and share alike, to have and to hold to them, their heirs and assigns for ever.

I also give and bequeath to Elizabeth Stackhouse, the daughter of Thomas and Phebe Stackhouse, the sum of $1000, her father

to have the care of it till she arrives at the age of eighteen; in case of her decease before the age of eighteen, then her portion to be divided between the surviving children of Thomas and Phebe Stackhouse, share and share alike, to have and to hold to them, their heirs and assigns for ever.

I also give and bequeath to *Sidney Eastburn*, the wife of Jonathan Eastburn, the sum of $1000, *to have and to hold to her*, the said Sidney Eastburn, *her heirs and assigns for ever*.

I also give and bequeath to Mary Ann Carpenter, the wife of David Carpenter, the sum of $4000, to have and to hold to her, the said Mary Ann Carpenter, her heirs and assigns for ever. In case the said Mary Ann Carpenter does not survive at the time of my decease, my will and desire is, that her portion be equally divided between her heirs, share and share alike, to have and to hold to them, their heirs and assigns for ever.

I also give and bequeath to Agnes Myers, the wife of Jacob Myers, of the township of Byberry, county of Philadelphia, the sum of $1000, to have and to hold to her, the said Agnes Myers, her heirs and assigns for ever.

I also give and bequeath to Grace Knight, of the borough of Bristol, widow of Asa Knight, the sum of $1000, to have and to hold to her, the said Grace Knight, her heirs and assigns for ever.

I also give and bequeath to Mary Ann Vanartsdalen, wife of Edmund Vanartsdalen, the sum of $500, to have and to hold to her, the said Mary Ann Vanartsdalen, her heirs and assigns for ever.

All the remainder and residue of my estate I give and bequeath to Tacy Mitchell, the wife of J. Allen Mitchell, to have and to hold to her, the said Tacy Mitchell, her heirs and assigns for ever.

The above specified legacies to be paid in one year after my decease out of my personal estate, with interest.

Lastly, I do hereby constitute and appoint my well and trusty friends, Benjamin Mather and William Mitchell, both of the township of Middleton, to be the executors of this my last will and testament."

The court below entered judgment for the defendants.

Errors assigned:

1. The court erred in entering judgment for the defendants.
2. Judgment should have been entered for the plaintiff.

*Dickerson*, for plaintiff in error. The declarations of the testatrix and the will show her intention to have been that the children of Sidney Eastburn should take the bequest to their mother. Her intention is to govern. 2 *Yeates* 60. She used the word " heirs" to mean children. The bequest being of personalty, it could mean nothing else. The word " issue" often means children. Children may take under the word " heirs." 1 *Rop. Leg.* 85, 87, 106; 4 *Mad. Ch.* 360; *Prest. Leg.* 210, 233–4–5; 2 *Whart.* 381.

[Comfort v. Mather.]

*Perkins, contra.* A devise of land to A and his heirs lapses by the death of the devisee in the devisor's lifetime. *Plowd.* 340; *Com. Dig. Dev. K.; Bac. Ab. Dev. L.* So a devise to A, her heirs and assigns. 3 *Yeates* 34. So a devise to A and B, or to their heirs, lapsed as to B, who died before the testator. The same rule holds in case of a personal bequest. 5 *Binn.* 115. As to A and his heirs. 1 *Vez.* 85; 8 *Serg. & Rawle* 71. Or to A, his executors, administrators or assigns. 1 *Bro. Ch.* 84; *S. C.* 2 *Dick.* 577; 3 *Bro. Ch.* 128; 1 *Pr. Wms.* 83. Nor is parol evidence that the testator knew, at the time of making the will, of the legatee's death, admissible to show his intent that the representative should take. 1 *Bro. Ch.* 84; 3 *Yeates* 34. Nor will declarations of the testator that the legacy is not to lapse in case of his surviving the legatee, prevent a lapse, unless he nominates another to take. 3 *Atk.* 573; 3 *Bro. Ch.* 225. Or there be either a survivorship, as in a joint devise, or limitation over. 10 *Serg. & Rawle* 353. See also *Prest. Leg.* 225, 236; *Ward Leg.* 163, (18 *Law Lib.* 84).

The opinion of the Court was delivered by

Sergeant, J.—The cases cited by the counsel for the defendants in error are too strong to be got over. They show that the point has been repeatedly and uniformly decided, in conformity with a principle of law, which is said to have been borrowed from the civil law, that every legacy implies a condition that the legatee shall survive the testator, and that where the legatee dies in the lifetime of the testator the legacy lapses. The legislature of this state has, by the Act of 19th of March 1810, corrected the rule where the legacy is in favour of a child or other lineal descendant of the testator, declaring that in such case it shall survive to the issue: but they have not thought fit to go further, and in the present case the bequest is not to a child or lineal descendant of the testator, and therefore remains subject to the prior law. It can make no difference that the testatrix knew the legatee was dead, or intended the children of the legatee should have the benefit of it. The same circumstances occurred in the case of *Sword* v. *Adams*, (3 *Yeates* 34), but the parol evidence was held inadmissible. Its being in the case stated here, can make no difference. The legal construction of a will in writing cannot be explained or altered by the parol declarations of the testator, of his understanding of the meaning of the will, or of his intentions to do something else. It is not a case of ambiguity, or mistake of the name of the legatee, or of circumstances such as the law allows to be controlled by parol evidence. The testatrix knew that the legatee was dead, and yet chose to leave the will as it was, to its legal interpretation and consequences, without adopting the measures necessary to effectuate her alleged intentions.

Judgment affirmed.