HAWN and others *v.* BANKS and others, Executors, &c.

---

The testatrix gave to her niece M. P. and to her heirs $6,000. The legatee died before the testatrix, leaving children. The court held that, observing this clause alone, the legacy lapsed; but, on the paramount rule of looking at the whole will and subjecting the same to examination and comparison, the court decided that the legacy went to the children of the legatee, inasmuch as a prior clause furnished a key for construing the bequest in that way.

The words *or* and *and* will be allowed a construction so as to stand in the place of each other in a will when the meaning of the testator, as collected from the whole will, clearly authorizes it; but not otherwise.

---

*October* 29, 1845.

*Will.*
*Legacy.*
*Words* OR *and* AND.

QUESTION on the lapsing of a legacy given under the will of Eliza McCarthy, deceased. The clause relating to it was in these words: "I give and bequeath to my niece Mary Phelan and to her heirs the sum of six thousand dollars." Mary Phelan died after the making of the will, but before the testatrix, leaving the complainants her children, next of kin and heirs at law. They now filed a bill for the legacy. The following is a copy of such parts of the will as are necessary to carry out the meaning of the court. "First, All my just debts, if any, and the expenses of my funeral to be paid as soon as may be after my decease. Second, I give and bequeath to my sister Margaret McGown wife of William McGown of Petersburgh and to her heirs (except her daughter Mary Jane Wilcox and the descendants of her said daughter) the sum of seven thousand dollars. Third, I give and bequeath to my niece Mary Jane Wilcox, wife of John P. Wilcox, of Flower de Hundred, near Petersburgh, Virginia, and to her heirs, the sum of six thousand dollars and also my silver tea set containing a tea-pot, sugar-dish, milk-pot, one dozen desert knives, one dozen forks and two small silver plated waiters. Fourth, I give and bequeath to my said sister Margaret McGown and to my said niece Mary Jane Wilcox, my likeness and that of my daughter. Fifth, I give and bequeath to my said sister Margaret McGown all my silver plate and plated ware (except the said articles bequeathed said

" Mary Jane Wilcox) all my table and bed linen, my wear- ing apparel and jewelry, except my gold watch and chain. Sixth, I give and bequeath to my niece Mary Phelan, wife of Mr. Hawn, late state treasurer of the state of Alabama and now cashier of the State Bank of Alabama at Tusca- losa and to her heirs the sum of six thousand dollars and also my gold watch and chain.  Seventh," &c. &c.

A demurrer was interposed.

Mr. *Sears,* in support of the demurrer.

Mr. *E. Sandford,* contra.

THE VICE-CHANCELLOR :—The question is, whether the legacy given to Mary Phelan lapsed or belongs to her chil- dren, as legatees in her place ?

I take it that this will was drawn by a professional hand. There are various indications of the fact about it ; and it is the more surprising that such words should have been em- ployed as are here used to express the meaning of the tes- tatrix, which must have been very plain and simple, one way or the other, and very easily understood by a draughts- man.

If she meant to make her niece the sole legatee of the six thousand dollars, why were the words "and to her heirs" superadded ? for, surely, they were unnecessary and must be regarded as mere surplusage if such was her intention ; and, on the other hand, if her intention was to give the legacy to her niece and in the event of her death then to her children or next of kin in her stead, why was not the will so written or some other words used which would have expressed that plain and simple meaning—merely chang- ing the copulative *and* into the disjunctive *or* would have gone far towards establishing that meaning : *Gettings* v. *McDermott,* 2 My. & K. 69.  But, as the words stand in this will, the court has to deal with them in the best way that it can.  If the sixth clause in the will which contains this bequest is alone to be looked at, it is very clear that the legacy must be deemed to have lapsed : the words "and to her heirs," in their strict sense, not being substitutional, but

VOL. IV.— 84

1845.

HAWN
*v.*
BANKS.

*July* 6, 1846.

words of limitation. The court is bound, however, to look at the whole will and examine the context, in order to get at the meaning of any particular part, for, by comparing one passage or phrase with another and observing the sense in which the same words are used in different places in the same instrument, we can form a pretty accurate conclusion as to the meaning and intention of the words as thus used. A will is to have effect according to the intention of the testator, whenever that intention can be discovered from the instrument itself, provided no rule of law is thereby violated. To carry out that intention "and" may be construed to mean *or* and *e converso* "or" changed to *and*. This will not be done, however, unless it be clearly authorized by the meaning of the testator as collected from the whole will: 2 Roper on Legacies, 291 to 294. Now, we have in this will a key to the meaning of the testatrix in the use of the same word "and to her heirs." It is in the second clause, and where the words first occur, that they are clearly used in a substitutional sense, that is to say, as intended to give the legacy over to the children or daughters of the first named legatee and thus prevent a lapse. And it is fair to conclude that, in every subsequent clause of the will, where the same words are used and in precisely the same connection, they were used in the same sense and with the same understanding and meaning.

In my opinion the complainants are entitled to the legacy according to the showing of their bill; and the demurrer must be overruled, with costs.