## SUPREME COURT.

EDWARD A. CIPPERLY and others, agt. CATHERINE CIPPERLY and others.

Where the testator, by his *will* gave to his wife the use, during her natural life, of all of his real and personal estate, and then, "I give and devise unto may daughter, Catherine, the wife of Barnard J. Cipperly, *and after her decease to her lawful heirs*, all my real estate," &c. :

*Held*, that by the devise to his daughter Catherine, she took a *fee* in all the real estate. As the real estate was charged, solely, with the payment of *legacies*— some of which were payable immediately, it was still more evident that the testator intended to devise a fee to his daughter Catherine, who was to pay such legacies out of the real estate.

The *heirs* of Catherine, the devisee, would take the same estate after the decease of Catherine, as they would if the words "after her decease" had been omitted from the will—which would be such of her real estate as had not been disposed of in her life time.

*Troy Special Term, November,* 1870.

THIS is a motion by the defendants to dissolve an injunction heretofore granted, restraining the defendant Catherine Cipperly, her agents and servants from cutting and removing wood and timber from the premises occupied by her, situated in the town of Brunswick. The plaintiffs claim to be the owners in fee of said premises subject to the life estate of the said Catherine, deriving their title under and by virtue of the last will and testament of Augustus Burdick late of said town of Brunswick, deceased.

By said will, which bears date, June 14th, 1844, the testator devised and bequeathed to his wife, as follows : "*First*, I give and bequeath unto my beloved wife, Catherine, the use, occupancy, avails, income and interest of all my real and personal estate, to have, and to hold the same for her sole benefit, *during her natural life.*" He

then made the following devise in favor of his daughter Catherine, one of the defendants: "*Secondly*, I give and devise unto my daughter Catherine, the wife of Barnard J. Cipperly, *and after her decease to her lawful heirs*, all my real estate which I hold and possess, to take full possession of the same after the decease of my said beloved wife, in consideration of paying two thousand five hundred dollars as legacies, for the payment of the above said sum, I hereby make my real estate holden, &c." The testator by the will, disposed of all his personal estate, bequeathing one third part thereof to his said daughter Catherine. The defendant, Catherine Cipperly, being in possession of the farm devised by the will, commenced cutting and removing the wood standing and growing upon the same, to prevent which a preliminary injunction was granted, and the defendants move to disolve the same.

W. A. BEACH, and C. E. PATTERSON, *for the motion.* H. PECK, *in opposition.*

INGALLS, J.—The important question involved in this motion is, whether the defendant, Catherine Cipperly, by the will of her father, became seized in fee of said premises, or took merely a life estate therein. And the determination of the question depends upon the construction which is to be given to said will. The will was executed subsequent to the taking effect of the Revised Statutes, and hence, the case is not embarrassed by many of the arbitrary rules and artificial distinctions, which hvae been applied in the construction of wills executed prior to the adoption of said statutes when words of perpetuity, or what was equivalent thereto, were required to create a fee.

In interpreting this will, the controlling inquiry is, what was the intention of the testator as gathered from the whole instrument. In *Pond* agt. *Boyle*, (10 *Paige, Chan. Rep.,* 152.) The chancellor has defined very clearly the rule

which should govern such construction. " The intention of the testator, as far as is consistent with the rules of law, must govern in the construction of a will. When, therefore, the intention is apparent upon the whole will taken together, the court must give such a construction as to support the intention even against grammatical rules, and to effectuate his evident intention, words and limitations may be transposed, *supplied or rejected. Kent's Com. vol. 4, p. 535:* The learned author remarks, " the intention of the testator is the first and great object of inquiry ; and to this object technical, rules are to a certain extent, made subservient. The intention of the testator to be collected from the whole will is to govern, provided it be not unlawful, or inconsistent with the rules of law. The control which is to be given to the intention by the rules of law, is to be understood to apply not to the construction of words, but to the nature of the estate." (*See also Tator* agt. *Tator*, 2 *Barb.*, 437.) The will gives to the wife of the testator, the use during her natural life of all his real and personal estate, and in framing that devise *apt words* were employed, showing clearly that the draftsman knew what language to use in creating such life estate. The personal estate was all disposed of by the will, and no portion thereof applied to the payment of·legacies, and the same are expressly charged upon the real estate in question, and therefore, the only fund chargeable with the payment thereof. The legacies thus charged amount to $2,500 of which $500 is directed by the will to be paid immediately after the decease of the testator, and' his wife $1,000 in two years thereafter, and the remaining $1,000 in four years thereafter.

The real estate devised consisted of a farm of 160 acres of land.

The words, " I give and devise unto my daughter Catherine, the wife of Barnard J. Cipperly, *and after her decease* to her lawful heirs, all my real estate, &c," do but

express what the law would imply if the words "*after her decease*" had been omitted, because her heirs would only become seized at her decease of such of her real estate as had not been disposed of in her life time. Hence, the words after her decease, may be rejected without defeating the intention of the testator, or doing violence to any principle of law. The devise in question is, in my judgment clearly distinguishable from a class of cases, of which some are referred to by the plaintiff's counsel, where the estate is given to one person, and after his decease to an individual particularly named, because the naming of such individual would show a clear intention, that the fee was not designed to be vested in the first taker. The word "heirs" may, more properly be understood to characterize the nature of the estate, rather than to designate the particular party who is to take the estate, or interest devised, or granted. Again, I think it quite evident from the will, that Catherine was intended to be charged with the payment of the legacies, and that the real estate was subjected to a lien as security for the payment thereof. The fact that the legacy of $500 was directed to be paid immediately after the decease of the testator and his wife, coupled with the additional fact, that the personal estate was all disposed of by the will, so that it could not be resorted to as a fund to pay such legacies, show pretty clearly who was intended to be charged with the payment of the legacies. Certainly, the heirs of Catherine would hardly be required to pay the same while she was in the enjoyment of the real estate, nor is it reasonable to conclude that the testator designed to impose such burden upon his daughter Catherine, as the payment of $2,500, and give her merely a life estate in a property of no greater value—we are not to conclude that he intended to prefer grand children to his own child. The failure to pay the legacies, $500 of which became due the instant Catherine was entitled to the possession of the premises, subjected the real estate, to a sale to satisfy the

Cipperly agt. Cipperly.

same, so that if Catherine only took a life estate, she would be compelled to pay the same to protect such estate. I conclude that it was the intention of the testator to devise to his daughter Catherine, the real estate in fee, and that the law interposes no insurmountable obstacle in the way of giving effect to such intention. If the views expressed are correct, it follows that the defendants had a right to cut and remove the wood and timber upon said premises, and that the injunction must be dissolved. The motion is granted with $10 costs.