NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
August, 1877.

WILLIAMS v. SEAMAN.

*In the matter of the Estate of* ELIZABETH SEAMAN, *deceased.*

Where the will bequeathed the estate, consisting of personalty, to a trustee, to pay the income, and so much of the principal as might be necessary, for the support of the son of the testratrix during his minority, and, upon his becoming of age, to pay over the whole to him absolutely, or, in the event of his death before attaining his majority, to pay over the principal and accumulations to decedent's sister and her heirs forever, the sister dying before the son, and the son dying an infant, *Held* that the legacy over to the sister lapsed, and that as against her next of kin, the husband of the testratrix was entitled to receive the estate.

UPON the accounting of the administrator with the will annexed, the construction of the will was necessary in order to determine who was entitled to the estate, which consisted exclusively of personalty.

The third clause of the will bequeathed the residue of the estate to Joseph Holmes, in trust, to pay the income, and such part of the principal as might be necessary, for the maintenance and education of William, the son of the testatrix, during his minority, and on his majority, to pay said residue, including any accumulations to him absolutely: also " if my said son should die before becoming twenty-one years of age without issue, then I direct that all, or any part of said principal, and the accumulations thereof, if any, be given to my sister Julia, and her heirs forever."

Julia died unmarried and intestate, before the death of William, leaving sole heirs and next of kin, John, James and Reuben Williams, her uncles, and uncles also of the testratrix. William died before attaining the age of twenty-one years; the husband of the testatrix, and father of William survived.

MARSH & WALLIS, *for the next of kin of Julia.*

W. H. ONDERDONK, *for the husband of the testatrix.*

W. C. SAYLES, *for the administrator.*

THE SURROGATE. — The question is whether in case of the death of William before majority, Julia surviving him, would take the absolute estate, or only a life estate, remainder to her heirs, or in other words, whether said legacy to Julia lapsed by reason of her death before William became of age, the words to her heirs forever, being substitutional and not words of limitation.

Roper on Legacies, (vol. 1, p. 465,) states the rule as follows: " The well established rule respecting lapse, through the death of the legatee, in the testator's life-

time in cases not affected by the above statute, will not be varied by the bequest to the legatee, his executors or administrators, for such words are of no importance, inasmuch as those persons would have taken the legacy in succession, and by representation if it had vested in the legatee, whether expressly named by the testator or not, but since the legatee's death before the testator, prevented his ever taking any interest in the bequest, it follows that his executors or administrators can by no possibility make a title to that which never vested in the testator."

In Cipperly *v.* Cipperly, (40 *How. Pr.*, 269,) Ingalls, J., says, " the word 'heirs' may more properly be understood to characterize the nature of the estate rather than to designate the particular parties who are to take the estate, or interest devised or granted."   And in that case, the testator gave and devised unto his daughter Catherine, and after her decease, to her lawful heirs ; it was held that by the devise she took a fee in all the real estate.

The counsel for the heirs of Julia, the uncles, cites the case of Burtis *v.* Doughty, (3 *Bradf.*, 287,) as authority to the point that the legacy to Julia, did not lapse by her death before the death of the testator. In that case, the testator provided for the sale of certain real estate, gave one half of the proceeds to one nephew, one-eighth to another nephew, one-eighth to the executor, to be held by him in trust and invested, and the interest to be paid to Mr. Dougherty and his heirs, and another eighth to the executor to be held and invested, the interest to be paid to E. Dougherty, and his heirs, and the remaining one-eighth to be held

in trust, invested, and the interest paid to W. Dougherty, and his heirs. It was held that it was the intention that the executor should hold the several shares in trust for the parties named during life, with remainder to their children, and the surrogate in discussing the question says: "No doubt the direct gift to A and his heirs vests the title in A, the term heirs, generally and primarily expressing limitation, and not purchase." But he reaches the conclusion from the terms of the will itself, and particularly from the fact that there is a marked difference between the legacies thus quoted, and those which precede, that the gift was not intended to be absolute, the first being given directly without words of limitation, and the latter being placed in trust, and because the amount was to have been held, and invested, the immediate payment was not intended. If it had been, no trustee would have been necessary.

The case of Hawn v. Banks, (4 *Edw. Ch.*, 664), is also cited, in which the testatrix gave to her niece, and to her heirs $6,000, and the Vice Chancellor says: "If the sixth clause of the will which contains this bequest is alone to be looked to, it is very clear that the legacy must be deemed to have lapsed, the words, 'and to her heirs,' in their strict sense not being substitutional but words of limitation," but on an examination of the whole will, it was held that the legacy went to the children of the legatee, inasmuch as the prior clause furnished a key for construing the bequest in that way. This, it seems to me, militates against the interpretation sought to be maintained by the counsel citing the case.

Redfield on Wills, (2nd vol. p. 160), states the rule to be, that unless the testator provides that the legacy shall go to the heir, or next of kin, or personal representative, in some such form as to clearly indicate that these terms are used to designate the persons described by them, in order to have them take directly under the will, as purchasers, the legacy will lapse; the general presumption being that those terms of succession are used to mark the extent of the interest thus intended to be conveyed to the legatee or devisee, and are therefore words of limitation merely.

From these authorities, in the absence of any indication in this will to the contrary, I am satisfied that the testator intended to give an absolute estate to Julia, on the death of William before his majority, and that she having died prior to that time, the legacy lapsed and is to be disposed of as though the testatrix had died intestate. As the testatrix left no descendant her surviving, but left a husband who still survives, I am of the opinion that he is entitled to the whole estate, (it being personalty,) under the principles of the common law.

Order accordingly.