(107 App. Div. 511.)

ROBERTS et al. v. BOSWORTH et al.

(Supreme Court, Appellate Division, Third Department. September 26, 1905.)

1. WILLS—LEGACY TO DECEASED PERSON.
    Where a legacy was given to a person who was not a descendant of the testator, and who at the time of the execution of the will was to the testator's knowledge dead, the next of kin of the legatee were not entitled to take.
    [Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 1045, 1075.]

2. PLEADING—DEMURRER.
    Where, in an action against executors to recover a legacy, a nonsuit would follow if every fact stated in the complaint were true, the objection to the complaint was properly raised by a demurrer.

Appeal from Special Term, Rensselaer County.

Action by Sylvia W. Roberts and others against Albert J. Bosworth, as executor of the last will and testament of Isaac A. Burton, deceased, and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

The plaintiffs are the children and next of kin of one Allie Smith. Upon the 9th day of December, 1902, one Isaac Burton died, having left a will in which he bequeathed to "Sandy Wickes and Allie Smith, his sister, each $1,500." The will was executed in November, 1902. Allie Smith died September 11, 1899, which fact was known to Isaac Burton at the time of the making of the said will. These facts were in substance alleged in the complaint, and paragaphs 11 and 12 read as follows:

"(11) That the said Isaac A. Burton, at the time of the making of his said last will and testament as aforesaid, he knowing at that time of the death of the said Allie M. Smith as aforesaid, and he also of his own personal knowledge knowing the fact to be that she had been dead for a period of over three (3) years, it was the apparent purpose and evident wish, intention, and desire of the said Isaac A. Burton that the above-named plaintiffs, Sylvia W. Roberts, Harry A. Smith, Frederick R. Smith, and the defendant Elsie M. Roberts (formerly Elsie M. Smith), the children and only heirs at law of the said Allie M. Smith, deceased, should take and receive the legacy of fifteen hundred dollars ($1,500) bequeathed to their mother, the said Allie M. Smith, in and by the terms and provisions of the said last will and testament of the said Isaac A. Burton deceased.

"(12) The plaintiffs further state and allege that after the making of his

said last will and testament the said Isaac A. Burton many times previous to his death stated to different persons that it was his purpose, as well as his wish, intention, and desire, that the children of the said Allie M. Smith, deceased, should receive the legacy that he, in and by his said last will and testament, bequeathed to their mother, the said Allie M. Smith."

The defendants the executors of Isaac Burton demurred to the complaint on the ground that facts were not stated sufficient to constitute a cause of action. This demurrer was by the Special Term sustained, and from the interlocutory judgment entered upon that decision the plaintiffs have here appealed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

John P. Curley, for appellants.
J. K. Long, for infant respondent Elsie M. Roberts.
William S. Ostrander, for other respondents.

SMITH, J. The decision of the learned judge at Special Term was, in our judgment, clearly right. The death of a legatee prior to the death of the testator causes the legacy to lapse, with the single exception in certain cases of a legacy to a descendant. Allie Smith was not a descendant of the testator, and her children are not entitled to the benefit of the statute.

The plaintiffs' contention that the testator, knowing of the death of Allie Smith, intended that the legacy should go to her descendants, and that this intention should control, cannot be upheld. Dildine v. Dildine, 32 N. J. Eq. 78; Comfort v. Mather, 2 Watts & S. 450, 37 Am. Dec. 523; Lindsay v. Pleasants, 39 N. C. 320; Scales v. Scales, 59 N. C. 163; Maybank v. Brooks, 1 B. C. C. 84.

It cannot be here claimed that the testator, intending to name one party, has by inadvertence named another. The most that can be claimed is that the testator, through a mistaken view of the law, thought that a legacy given to one who was dead would pass the legacy to the next of kin of such person. This view, under the authorities, would not be sufficient to give the legacy to the person to whom the testator, through his mistaken notion of the law, supposed it would go.

The appellants finally urge that this objection cannot be raised by demurrer to this complaint, but can only be raised to the granting of the relief upon the trial. Upon examination of the complaint, however, if every fact be shown that is there alleged, a nonsuit must follow. Under such circumstances the court must hold upon demurrer that sufficient facts are not alleged to constitute a cause of action.

The interlocutory judgment must therefore be affirmed, with costs, with the usual leave to amend the complaint, upon payment of the costs of the demurrer and of this appeal. All concur.