Summers, J.
Two questions are presented: first, whether the will removed the' bar of the statute of limitations, and, second, whether the legacy lapsed.
The claim for services is barred unless the will is an acknowledgment. The natural and ordinary *13 meaning of the words “in consideration of” in the connection used is not compensation but a mark or token of affection or appreciation. The testator does not acknowledge that there ever was any liability, debt, or claim. He acknowledges merely the fact that his niece did care for his invalid mother and for his infant son, and feeling grateful therefor, in recognition or consideration of the fact, he gives her $5,000.00. The services may have been paid for or rendered gratuitously. He acknowledges a debt of gratitude, not a legal obligation, and he does not direct the payment of a debt but confers a bounty. In Duncan v. Franklin Township, 43 N. J. Eq., 143, where the item of the will under consideration read as follows: “I give and bequeath to Henry Benson Duncan, for his services in assisting me at different times, the sum of $2,000.00,” it is said in the opinion (145) “the expression ‘for his services in assisting me at different times,’ does not, standing alone, import an indebtedness from her to the legatee for which payment may be exacted by process of law.. For aught that appears to the contrary, the services may have been rendered gratuitously and the legacy may have been given in grateful recognition of that.”
The second question is whether the facts set out in the petition state a cause of action for the recovery of the legacy.
• It is conceded that the general rule is that a legacy lapses when the legatee dies before the testator and that section 5971, Revised Statutes, enacted to prevent mischief from the operation of the rule, does not apply; but it is contended that a legacy does not lapse when it is given to pay a debt, citing Ward v. Bush, 59 N. J. Eq., 144.
*14 The cases that hold that a legacy given in payment of a debt does not lapse do so for the reason that such is the manifest intention of the testator. That is the ground of the decision in Williamson v. Naylor, 3 Younge & Coll., 208. There it is held that certain creditors, whose claims were barred but who were named in the will which provided that a certain part of the estate should be divided among them, should not be considered as legatees but rather as creditors and consequently that the representatives of such as died in the testator’s lifetime were entitled to the benefit of the will. In the note to that case, it appears that Lord Lyndhurst, C. B., in disposing of the matter when it was before him said: “I cannot consider this as a mere voluntary bounty on the part of the testator, but we must consider that the testator meant this money to be applied in satisfaction, or part satisfaction, of an obligation in reduction of his debts, which though they could not be enforced against him at law, were, nevertheless, subsisting debts.” * * * “In this case, the testator has manifested an anxious desire to fulfill his just obligations ; and it was plainly his intention not to make a gift to the persons named in the schedule but to waive the legal bar to the recovery of his debts.” In Philips v. Philips, 3 Hare, 281, where the testator gave the residue of his estate to trustees, upon trust, to divide the same among certain creditors, it is held that: “The shares attributed to the debts of creditors who uied in the lifetime of the testator do not lapse by their death.” Again, “that the testator must be considered as proceeding upon a mixed principle of bounty and obligation; that the will must be read as, to some extent, directing payment.of debts.” The vice chancellor says (292): “In coming to the *15 conclusion that the representatives of the creditors who died in the testator’s lifetime are entitled to claim, I consider that I follow the case of Williamson v. Naylor, that I am giving effect to the trusts of the will, and that I am doing that which the conscience of the testator led him to do, in discharging pro tanto his obligations to his creditors, notwithstanding the bar of the statute. If that were his intention, which, on the face of the will, and on the authority of Williamson v. Naylor, I will assume, I cannot suppose that the testator contemplated the depriving of the benefit given by the will those creditors who might happen to die between the date of his will and his death.” Again (300), “Another observation strongly in favor of Williamson v. Naylor is this: if the claimants had been treated as legatees, and not as creditors, the rights of the creditors to the benefit of the trust might have lapsed by his death in the lifetime of the testator. This could not have been in accordance with the intention of the testator.”
In Turner v. Martin, 7 DeG. M. & G., 429, 432, the Lord Chancellor says: “The object of the testator was to do that which was honest and just, namely, to pay those creditors in full who had proved against the joint estate of his father and himself; that object could not have been attained if his intended bounty was to be limited to those creditors only who might happen to survive him, he having lived twenty-nine years after the debts were proved.”
In the present case the claim is barred. The testator does not acknowledge it. In law it is no debt and it cannot be said that the intention of the testator was to discharge an obligation and not to confer a bounty. The intention of the testator must be given effect according to what appears upon the face of the *16 will. There is no ambiguity, and evidence to prove an intention different than that implied in the terms of the will would be incompetent. Comfort v. Mather, 2 W. & S., 450.
• The judgment of the circuit court is. reversed and that of the common pleas is affirmed.

Reversed.

Davis, C. J., Shauck and Crew, JJ., concur.