INDUSTRIAL TRUST CO. *et al. vs.* ELEANOR HAMMOND NORTHROP KEYES *et al.*

APRIL 10, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  Wills.  Joint Tenancy.  Tenancy in Common.*

A devise to "A and B., to them and their heirs", creates a tenancy in common, in the devisees, where there is nothing either in the clauses of the will, or in the will taken as a whole, evidencing any intent on part of testator to create a joint tenancy.

*(2)  Wills.  Devises.  Taking as individuals.*

Where parties are named individually in a will, and there is nothing in the will indicating a different intent, they take as individuals.

BILL IN EQUITY for construction of will.

VINCENT, J.   This case comes to this court for the construction of the will of Abby C. Bullock, late of the town of North Kingstown, having been certified under the provisions of Section 35, Chapter 289, Gen. Laws of 1909 and Section 4968 of Gen. Laws, 1923.

Decrees *pro confesso* were entered in the Superior Court against all the respondents.

Abby C. Bullock, the testatrix, died on May 28, 1922, leaving a last will and testament which was admitted to probate in the probate court for the town of North Kingstown and the complainant was duly appointed and later qualified as executor thereof.

The questions involved relate to the proper construction of the twenty-fourth and twenty-sixth clauses of said will. These clauses are as follows:   "Twenty-fourth.   I give and devise to my Cousin Ruth H. Hammond of said Wickford, the Young House and lot (so called) situated at Number 74 on the south side of Main Street in said Wickford, to her and her heirs.   In case of her death in my lifetime, I give and devise said house and lot to Eva S. Hammond and Sophia B. Hammond of Brooklyn, New York, to them and their heirs."

"Twenty-sixth.   All the rest, residue and remainder of my estate, both real and personal, of which I shall die seized and possessed and to which I shall be in any way entitled at the time of my decease, I give, devise and bequeath to the said Ruth H. Hammond and George T. Hammond and to their heirs and assigns, to be equally divided between them. But if either said Ruth H. Hammond or George T. Hammond or both of them shall die before me, leaving issue living at the time of my decease, then I give and devise the parent's share of said rest, residue and remainder to said issue, to take by right of representation;  and in default of such issue I give and devise the same to the survivor of said Ruth H. Hammond and George T. Hammond;  and if both said Ruth H. Hammond and George T. Hammond shall die

before me, only one of them leaving issue living at the time of my decease, I give the entire rest, residue and remainder to such issue. And in case said Ruth H. Hammond and George T. Hammond shall both die before me leaving no issue living at the time of my decease, I give and devise said entire rest, residue and remainder to the said Vestry and Corporation of St. Paul's (Episcopal) Church in said Wickford and its successors forever."

Ruth H. Hammond, a devisee named in the twenty-fourth clause, died during the lifetime of the testatrix. Eva S. Hammond, named with Sophia B. Hammond as devisees in case of the death of Ruth H. Hammond during the lifetime of the testatrix, also died during the lifetime of the testatrix, without leaving issue living at the time of the testatrix's decease.

The particular question submitted to us is, Did the devise to Eva S. Hammond and Sophia B. Hammond, in the real estate described in paragraph twenty-four of the will of Abby C. Bullock, create in them a joint tenancy or a tenancy in common.

The words of the devise "To Eva S. Hammond and Sophia B. Hammond of Brooklyn, to them and their heirs" seem to us to be consistent with an intention on the part of the testatrix to create a tenancy in common.

By Section 1, Chapter 252, Gen. Laws, 1909, Section 4243 Gen. Laws, 1923, it is provided that all devises to two or more persons shall be deemed to create a tenancy in common and not a joint tenancy, "unless it be declared that the tenancy is to be joint, or that the same is to such persons and the survivors or survivor of them, or to them as trustees or executors, or unless the intention manifestly appears that such persons shall take as joint tenants and not as tenants in common."

We find no words either in the clauses of the will under consideration, or in the will taken as a whole, evidencing any intent on the part of the testatrix to create a joint tenancy.

The devise is "To Eva S. Hammond and Sophia B. Hammond . . . to them and their heirs." The words "to them and their heirs" have a well-accepted meaning; and are, by the great weight of authority, held to be words of limitation and not words of purchase and substitution. *Adams* v. *Jones*, 176 Mass. 185.

It is doubtless true that a testator may, by expressed provisions in his will, or by language which permits a clear implication that such was his intention, prevent the lapse of a devise in case of the death of the devisee during the lifetime of the testator.

The complainants point out in their brief that some courts have held that the addition of the words "or heirs" indicates such an intention. We are not inclined, however, to follow those cases, but rather to accept the view expressed in *Keniston* v. *Adams*, 80 (Me.) 290, 14 Atl. 203 that it is "a very refined interpretation."

In the fourteenth clause Eva S. Hammond and Sophia B. Hammond are individually named and, there being nothing whatever in the will indicating a different intent, they took as individuals. *Church* v. *Church*, 15 R. I. 138; *Hazard* v. *Stevens*, 36 R. I. 90.

Having reached the conclusion that it was the intention of the testatrix to create a tenancy in common we think that the devise to Eva S. Hammond lapsed upon her death during the lifetime of the testatrix without leaving living issue and that such devise to Eva S. Hammond must be regarded as now included in the residuary estate.

The parties may present to this court the form of a decree in accordance with this opinion.

*Huddy, Emerson & Moulton*, for complainants.