Decedent was a non-resident of New Jersey. The comptroller determined that decedent was the owner in fee of a certain tract of land in this state, valued at $6,500, and included the same as an asset of the estate in the appraisal and computation of the transfer inheritance tax due from said estate.
The correctness or error of this determination is the issue raised by the present appeal. It is purely a question of law — of construction of a deed.
The land in question was conveyed to decedent in 1896 by deed, wherein the grant reads: "unto the said George A. Forman for and during his natural life, and at his death to his heirs forever."
The habendum clause is the same, except that the word "lifetime" is used instead of "life."
Under the rule in Shelly's Case, where an estate for life is limited to A., and the same instrument contains a limitation, either mediate or immediate, to his heirs, the word "heirs" is a word of limitation and not a word of purchase, and A. takes a fee-simple estate. Shelly's Case, 1 Coke 104a; Lippincott v.Davis, 59 N.J. Law 241 (at p. 244).
The rule in Shelly's Case is still the law in this state except to the extent that it has been modified by sections 10 and 11 of our Descent act. Lippincott v. Davis, supra (at p.246).
Neither section is applicable to the case at bar, for section 10 refers only to estates created by devise, and in the present case the estate is created by deed; and section 11 refers only to estates tail, and in the present case, the language of the grant is not that which would, in former times, have created an estate tail. *Page 405 
The rule, therefore, so far as concerns the present case, is unmodified by statute.
It is, however, contended by appellant that the word "heirs" in this grant was not used in its proper and technical sense, but otherwise, and that hence the rule is not applicable.
It is true that if it appears that the word "heirs," in the grant or devise, is not used in its technical sense, but is used as a description or designation of certain persons (to be ascertained in future), as direct grantees or devisees from the grantor or testator, then the rule does not apply. Peer v.Hennion, 77 N.J. Law 693, in which case there was a devise to C. for life and "after her decease I do give and devise the said lands to such person or persons as shall be her heir or heirs of land held by her in fee-simple."
Unless, however, there is something in the instrument to indicate that the word "heirs," is not used in its technical sense, it must be interpreted in that technical sense. 2 Jarm.Wills 1552; Hand v. Marcy, 28 N.J. Eq. 59.
In the instant case there is nothing to indicate that the word heirs was not used in its technical sense, and it must be deemed to have been so used. Indeed it must be confessed that it is difficult to conceive of any language more apt than that of this grant, to set forth the situation to which the rule in Shelly'sCase applies. In Lippincott v. Davis, supra, the devise was to J. "during his natural life, and afterwards to descend unencumbered to his lawful heirs" — and it was held that the rule applied.
It is to be remembered that unless it appears that the word heirs is used in a non-technical sense the rule applies, and if it does apply it is a rule of law, not of construction, and applies notwithstanding the most clear expression of intent by the grantor or devisor that the first taker shall have nothing but a life estate. Lippincott v. Davis, supra (at p. 244).
It is concluded, therefore, that George A. Forman died seized of an estate in fee in the property in question, and that the tax appealed from was properly assessed and levied. *Page 406