On the nineteenth day of January 1869, the Honorable SETH AMES, chief justice of the superior court, was appointed a justice of this court, in place of Mr. Justice FOSTER, resigned, and took his seat upon the bench on the twenty-second day of the same month.

## MIDDLESEX COUNTY.

CONSTANTINE C. ESTY, administrator, *vs.* EDGAR W. CLARK & another.

A wife is not a relation, within the meaning of the Gen. Sts. c. 92, § 28, which provide that " when a devise of real or personal estate is made to a child or other relation of the testator and the devisee dies before the testator, leaving issue who survive the testator, such issue shall take the estate so devised, in the same manner as the devisee would have done had he survived the testator."

BILL IN EQUITY by the administrator with the will annexed of Francis T. Clark, praying for instructions. The case was heard before *Foster*, J., and by him reported to the full court, substantially as follows :

Francis T. Clark and his wife, Ellen B. Clark, were both drowned on July 24, 1867, by the same accident, but the judge found that he survived his wife. Francis T. Clark left surviving him one child, Florence Clark, and Ellen B. Clark left surviving her two children, the said Florence Clark and Edgar W. Clark, her son by a former husband. Francis T. Clark by his will, after certain legacies, gave the residue of his estate to his wife. Edgar W. Clark claimed a moiety of this residue under the Gen. Sts. c. 92, § 28.

*G. M. Brooks*, for Edgar W. Clark. The word relation, if there is nothing in the context to restrict its meaning, should be construed according to the common and usual interpretation. *Clarke* v. *Cordis*, 4 Allen, 466. *Opinion of Justices*, 7 Mass. 523. *Whitney* v. *Whitney*, 14 Mass. 88, 92. It seems to be well settled that, where a legacy is given to the relations of a testator, in order to avoid uncertainty in the objects of the gift, recourse is had to the statute of distributions, and the bequest is divided among those persons who would take the personal estate under an intestacy. 2 Williams on Executors, 1003. 4 Kent Com. 537, (6th ed.) and note. 2 Jarman on Wills, 45, 47. Bouvier Law Dict., Relations. *Brown* v. *Higgs*, 4 Ves. (Sumner's ed.) 708, 719, note 5. *Mahon* v. *Savage*, 1 Sch. & Lef. 111. Taking this rule as a guide, Edgar W. Clark is entitled to his moiety of the estate bequeathed to his mother, under our present statute of distributions; Gen. Sts. c. 94, § 16; for by this statute a widow is entitled as much and in the same manner to her share as are those of kin by blood to the intestate. Formerly the widow was not considered as taking her share by force of the statute of distributions, as her portion of the personal property came to her by a decree of the judge of probate. St. 1783, c. 36, § 3.

*T. C. Hurd*, for Florence Clark, besides the cases cited in the opinion, referred to *Harding* v. *Glyn*, 1 Atk. 469 ; *Watt* v. *Watt*,

3 Ves. 244; *Jones* v. *Colbeck,* 8 Ves. 38; *Bailey* v. *Wright,* 18 Ves. 49; *McNeilledge* v. *Barclay,* 11 S. & R. 103; *Varrell* v. *Wendell,* 20 N. H. 431.

AMES, J.   The twenty-eighth section of the Gen. Sts. *c.* 92, provides that " when a devise of real or personal estate is made to a child or other relation of the testator, and the devisee dies before the testator, leaving issue who survive the testator, such issue shall take the estate so devised, in the same manner as the devisee would have done if he had survived the testator; unless," &c.   It being found as a matter of fact that the wife, the devisee under this will, died before the testator, it would follow that her issue, including her child by a former marriage, would take the estate so devised to her, if she can be said to be a " relation " of the testator, within the meaning of the statute.

What is the true meaning to be given to the word " relation ? " It is a very general and comprehensive term, and may include any and every relation that arises in social life.   Literally it takes in every kind of connection, and would have so wide a range as to be liable to objection as indefinite and vague.   " To avoid this consequence, recourse is had to the statutes of distribution ; and it has been long settled, that a bequest to relations applies to the person or persons who would, by virtue of those statutes, take the personal estate under an intestacy, either as next of kin or by representation of next of kin."   2 Jarman on Wills, (4th Am. ed.) 45.   The term is defined by lexicographers as signifying " a person connected by consanguinity or affinity;" and relationship is described as kindred, affinity, or other alliance.   The most common use of the term is to express some kind of kindred either of blood or affinity, " though properly," says Lord Hardwicke, " by blood."   *Davies* v. *Baily,* 1 Ves. Sen. 84.   It certainly cannot be said that there is no relation between husband and wife; but the question is, whether there is such a relationship as is intended by the statute.   If relationship includes consanguinity as a necessary element, they are not relations of each other.   The supreme court of Pennsylvania has decided that in a will the terms " my nearest relations or connections " do not include the testator's wife.   *Storer* v. *Wheat-*

*ley*, 1 Penn. State, 506. The court in that case say, " A wife is not related to her husband in any respect. Of his connection with her family she is the link, or *commune vinculum;* but so far is she from being connected with him as a relation, that her civil existence is melted into his, and they together form one person. A wife is therefore no more a relation of her husband than he is of himself. It was said, *arguendo*, in *Garrick* v. *Lord Camden*, 14 Ves. 372, that she owes her provision under the statute of distributions, not to the supposition that she is one of her husband's kindred, but to the respect that was felt for her title to the customary share which she had previously enjoyed."

Whatever may be thought of the reasoning of the court in that case, there seems to be no authority for holding that the word "relation," in its strict legal and technical sense, includes husband or wife. On the contrary, authorities are found very direct and explicit to the point that they are not "relations." Thus in 2 Williams on Executors, 1004, it is laid down that " no person can regularly answer the description of 'relations,' but those who are akin to the testator by blood. A wife therefore cannot regularly claim under a bequest to her husband's relations, nor a husband as a relation to his wife." So in 2 Jarman on Wills, 49, it is said that " a gift to next of kin or relations does not include a husband or wife." Both these writers refer for authority to numerous cases cited from the reports.

The conclusion from the authorities seems to be that Edgar W. Clark is not entitled to any part of the estate, and the decree will be entered accordingly, with costs for each party, payable from the estate.