SARAH N. KENISTON and others *vs.* JOSHUA R. ADAMS.

Franklin.    Opinion March 13, 1888.

*Will. Probate. Practice. Husband and wife. Legatee dying before testator. Lapsed legacy. R. S., c. 74, § 10. "Heirs and assigns forever."*

Every instrument purporting to be the last will and testament of any person, should be filed in the probate court in due time after the testator's decease. It is a punishable offense to withhold the instrument from the possession of the court.

Any person who believes himself interested in its provisions, and is not a mere intruder, if the executor declines to move in the matter, may ask that the instrument be probated.

A devise by a wife to her husband, between whom there is no relationship outside of that which arises from their marriage, lapses by his death during her lifetime. He is not a relative of his wife within the meaning of the statutory provision, R. S., c. 74, § 10, which prevents a devise from lapsing when made to a relative who at his death, in the testator's lifetime, leaves lineal descendants.

A legacy to a person named, "and so to his heirs and assigns forever,"

lapses if the legatee dies in the lifetime of the testator. The added phrase contains words of limitation only, and are descriptive of an absolute property or fee in the legatee.

It creates no remainder in his heirs, nor does it substitute them as takers in his place if he dies while the testator is alive.

ON report.

Appeal by the plaintiffs from the decree of the judge of probate. The facts were agreed and are sufficiently stated in, the opinion.

*Joseph C. Holman*, for the appellants.

Joshua Adams died December, 1881. His wife, the testatrix,. Mary Jane Adams, died October, 1885. He was not any relative to his wife only by marriage, and consequently the legacy to him. lapsed when he died. Revised Statutes, chapter 74, § 10 ; 49. Maine, 159. The question is fully discussed on page 163 of 49. Maine Report, and cases there cited by the court as to when a legacy lapses. 64 Maine, 468 ; Maine Probate Practice, p. 114 ; Jarman on Wills, under word "lapse," and definition of word "lapsed" in Webster's Unabridged Dictionary.

Joshua Adams was not a relative of his wife, for a husband and wife are not relatives ; 101 Mass. 36, and cases there cited, within the meaning of a similar statute. The husband is not the "heir or next of kin" of the wife, etc. 51 American Reports, p. 516 ; from 106 Penn. St. 176.

The only party who asks or desires to have this will or instrument probated, is one Joshua R. Adams, a son of Joshua Adams named in the will by a former marriage. This Joshua R.. Adams is a mere "interloper" in this case. The proponent of a will should be a person who has some interest, or color of interest at least, in the estate in some way. 56 Maine, 413 ; 53 Maine, 555, Maine, Probate Practice, p. 9.

It is not the intention of our statute that a probate court shall arbitrarily set up a will on its own motion in opposition to everybody interested in the estate. Possibly a probate judge could have done so once. Since 1885, no will can be probated without some notice. The probate court is a creature of statute. They do not have the authority under the statute that the

authorities cited in 4 Pick. 41, may indicate. *Marston et als. Petitioners*, 79 Maine, 25, and cases there cited. That opinion in connection with the statutes fully sustains this position, also 56 Maine, above cited as to point requiring party to be interested. 3 Pick. 443, party appealed from decision of court on appeal, was dismissed because appellant was not interested. 1 Pick. p. 78, court says: "Generally administration should not be granted except on the application of some one entitled to administer, or who is interested in the estate to be administered upon. .The question then is whether the respondent is interested, or has any claim upon the estate of the deceased;" also 9 Mass. 385 ; 2.Mass. 139 ; 16 Pick. p. 264, bears on the case, and shows that party interested must have some interest in the proceedings, etc.

The appellants, being all the parties having any legal interest in this estate as they understand the law, respectfully ask the court that the instrument purporting to be the last will and testament of Mary Jane Adams, may be set aside and disallowed, and the estate settled as an intestate estate, and they being all the parties interested in the estate, think they have the right to have the estate settled as they see fit.

*E. R. Luce*, for the appellee, Joshua R. Adams, cited: R. S., c. 64, § 3 ; 4 Pick. 42 ; R. S., c. 74, § 10 ; 2 Bouv. L. Dict. 668 ; 30 Maine, 137 ; *Nutter* v. *Vickery.* 64 Maine, 498 ; 41 Maine, 495 ; 33 Maine, 464 ; 3 Wash. Real Prop. (4th ed.) 535.

PETERS, C. J.   An instrument left by a person at his death, as his last will and testament, should be filed in the probate office without fail. The person in whose custody it is, may be more interested to suppress than to publish its contents. To prevent fraud or wrong, all wills should be open to a proper public inspection. Such is the implication of the statutory provisions for punishing the unwarrantable suppression or destruction of wills. The authorities all declare that this first step is of transcendent importance. The will, having been presented, may or may not be probated. There has been some discussion, in the cases, as

to the extent of the discretionary powers of the probate judge in this matter. The true rule to be extracted from the cases is, that any person who believes himself interested in its provisions, and is not a mere intruder, if the executor declines to move in the matter, may ask that the instrument be probated. And much liberality must be extended to the petitioner by the judge, in the consideration of preliminary questions, because it cannot always be foretold who may be interested, or, what the interpretation of the will may be. Schoul. Executors, § 65 ; Bac. Abr. Executors ; Boû. Law Dic. same title ; *Stebbins* v. *Lathrop*, 4 Pick. 33.

It will readily be seen from the gravity of the questions presented, that we could very properly refuse to proceed in the present case further than to overrule the appeal and remit the proceedings to the court below for its action. But as all the questions, which are ever likely to arise in the settlement of the estate, have been fully argued, we think it expedient for the interests of all concerned, to consider and decide the same now, and make an end of the litigation.

All persons who can possibly be interested in a construction of the will are represented before us, and the agreed statement shows that the testatrix, whose will is dated in 1867, died in 1885, leaving no father or mother, nor husband or children, but leaving brothers and sisters as her only heirs. In her will is this clause. "To my husband, Joshua Adams, I give the residue of my property, both real and personal, and so to his heirs and assigns forever." The facts further show that the husband died in 1881, leaving children by a former marriage (the proponent, Joshua R. Adams being one of them,) and that no relationship existed between the husband and wife outside of their marriage. No creditors are interested. The heirs of the testatrix are desirous of a settlement among themselves, all of them being *sui juris*, to save the time and expense of a settlement in the probate court.

The proponent claims, for himself and his father's other children, an interest in the estate of the testatrix, upon two grounds.

In the first place, he contends that the bequest to his father did not lapse by his father's death before that of the testatrix, but that it was saved by force of section 10, c. 74 of the revised statutes, which reads as follows : "When a relative of the testator, having a devise of real or personal estate, dies before the testator, leaving lineal descendants, they take such estate as would have been taken by such deceased relative had he survived." This presents the question whether, in a testamentary sense, a husband is a relative of his wife. Most, if not all, the authorities there are on the question, declare that he is not. Our opinion coincides in that result.

A relative can only be one whose descendants would also be relatives. If the husband was a relative, then his son, the proponent, was. We think the statute intended to provide for a relationship by blood. If otherwise, it would have a very wide and somewhat indefinite application. We do not see good reason for the construction contended for. The result of its application in the present case would be to give the wife's property to her husband's relatives in exclusion of her own. There may be good reason why a wife would provide in her will for her husband, but generally not much reason for a more extended provision towards his side of the family. If the family situation be such as to require the protection of stepsons, special bequests would most always be made for the purpose.

It has long been settled that, in the construction of wills, the word "relation," or "relatives," includes those who are entitled as next of kin under the statute of distribution. Bou. Law Dic. 15th ed. Relations ; and cases there cited. "A gift to one's relations does not, *prima facie*, refer to husband, wife, or marriage connections, but to those only of one's blood." Schoul. Wills, § 537 ; and cases. A grandson's widow is not entitled under a devise to grand children, nor does a gift to children extend to children by affinity. 2 Jarm. 5th ed. *121, *151, and Bigelow's notes. Those rules may be varied by the context of a will showing different intention. It was once held in this state that a husband could be regarded as an heir of his wife, but that doctrine was overruled in *Lord* v. *Bourne*, 63 Maine, 368. The

precise point of the present case has been settled adversely to the petitioner, in *Esty* v. *Clark*, 101 Mass. 36. Other cases help the argument directly or indirectly. *Kimball* v. *Story*, 108 Mass. 382; *Drew* v. *Wakefield*, 54 Maine, 291; *Cleaves* v. *Cleaves*, 39 Wis. 96; *Wells* v. *Wells*, L. R. 18 Eq. 504.

Upon another ground, it is claimed by Joshua Adams' children that they are interested in the will. The point is made that the words in the bequest, "and *so to* his heirs and assigns forever," are not descriptive of a fee to the husband, but of a life-estate to him, and a remainder to his heirs. We have no idea that any such thing was intended. If it had been, the provision would have been much more significantly stated. It is too slight a ground to hang such consequences upon. It can be regarded as nothing more than a redundant expression. Numerous phrases may be found differing from the common form, but expressing the same thing, and descriptive of a fee, such as, "A, his heirs," "A and heirs," "to A forever," to "A and his assigns forever," "to A and his house," "to A and his family," and the like. Schoul. Wills.* § 549, and cases.

It has been held by a considerable amount of authority that a devise to one "or" his heirs might be regarded as good to the heirs if the primary legatee dies in the lifetime of the testator. In such case the heirs take by substitution. Although a very refined interpretation, it has been resorted to in instances where justice can be best administered only by its application. 1 Jar. Wills. *339; note. *Hand* v. *Marcy*, 28 N. J. Eq. 59; *Brokaw* v. *Hudson's Executors*, 27 N. J. Eq. 135. And see cases cited in *Kimball* v. *Story*, 108 Mass. 382. Some courts, however, think this interpretation rests upon too feeble a foundation to allow the heirs of the testator to be disinherited. *Sloan* v. *Hause*, 2 Rawle, 28. But courts have in some instances gone so far as to bring under the same rule devises running to a person named "and" his heirs, by making the word "and" read as if it were the word "or." But this has never been done unless the other provisions in the will require such a construction, and we can find no case where it has been permitted, if the devise runs to assigns as well as to heirs.

Such a construction of the present devise is inadmissible for

two reasons. First, there are no words in the will favorable to it. Secondly, the language here is to assigns as well as to heirs, and the power of assigning implies an absolute title. 1 Jarman, Wills, Big. ed., *517, and cases in note. Even where the gift is to specified persons, "or their heirs or assigns," it is clear that the words are words of limitation only. No cases are found which maintain a different doctrine. *Re Walton's estate*, 8 D. M. & G. 173; *Re Hopkins' Trust*, 2 H. & M. 411; *Dawes' Trusts*, 4 Ch. Div. 210.

The case of *Hawn* v. *Banks*, 4 Edw. Ch. 664, illustrates several points already spoken of. The words there are "and to her heirs." It was held that a devise standing on those words alone would lapse, and it was further declared that the other parts of the will clearly required the word "and" to read as "or." Really, when we consider that the purpose of introducing the words "his heirs and assigns" into deeds and wills, was to prevent the operation of the principle of primogenitureship, the words of the present devise are quite as apt for the purpose as any words would be. The idea is that the devisee may convey the property to assigns, and in failure of conveyance his heirs are to take. The words, "and so to his heirs and assigns," clearly declare that the devisee may alienate the estate or allow it to descend, and as he holds it so may his assigns or successors hold it.

Counsel for the heirs of the devisee intimates that the property devised came originally from the devisee. If the wife held his property in her name in trust for him, the remedy would be in equity to require the heirs of his wife to surrender the property to those who equitably own it.

As between the parties to the present litigation, we think the best disposition of the case, will be to allow the will to remain probated, but to omit the appointment of an administrator, unless some one of the heirs calls for such, thus allowing the heirs to settle the estate among themselves, without the aid of the court, and to allow no costs to either party.

*Decree accordingly.*

WALTON, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.