STATE OF MISSOURI at the Relation of J. D. WIL-
SON, Relator, v. CLARENCE A. BURNEY, Re-
spondent.

Kansas City Court of Appeals, November 1, 1915.

1. PROHIBITION, WRIT OF: Transfer of Causes of Action. A
litigant acquires no vested rights to take deposition before
a notary public of his own selection, and when the court finds
that the consideration of justice and fairness calls for the ap-
pointment of a commissioner to preside at the taking of such
depositions, such a finding would be a good cause for the trans-
fer of a cause of action from the Independence Circuit Court
to Kansas City Circuit Court in order that the action might
fall within the purview of section 6390, Revised Statutes 1909.
This discretion having been exercised by the court it was well
within the confines of its jurisdiction and judicial powers and
its results could not properly be disturbed either on appeal
or in prohibition.

2. ————: Motion to Quash Notice. One cannot be deprived
of his right to take depositions in preparation for a trial, and
the court in ordering a notice to take depositions quashed, in-
stead of granting an alternative prayer for the appointment
of a commissioner, acted not only erroneously, but in excess of
the judicial powers which were a proper attribute of its juris-
diction over the cause and subject-matter.

3. ————: Judicial Discretion. A writ to prohibit the abuse
of judicial power will be granted notwithstanding the relator
may have the right of appeal, if the exercise of such right would
be an inadequate remedy for the abuse.

Original Proceeding in Prohibition.

AWARDED IN PART, DENIED IN PART.

*Wm. Warner, O. H. Dean, T. A. Witten, Jules Ro-
senberger, I. N. Watson* and *Chris Leavel* for relator.

*Piatt & Marks, Casey & Wright, T. A. J. Mastin*
and *John H. Lucas* for respondent.

JOHNSON, J.—This is an original proceeding in prohibition against the Honorable Clarence A. Burney, Assignment Judge of the circuit court of Jackson county, the object of which is to prevent him from assuming jurisdiction over an action for damages brought by relator in the Independence Division of that court on August 19, 1915, against Holly Jarboe, et al., and to prevent him from proceeding to enforce an order he entered to quash a notice to take depositions issued and served by relator in that action.

The material facts for consideration are as follows: On July 31, 1915, relator, as plaintiff, filed an action in the circuit court of Jackson county at Kansas City against the election judges of a franchise election held in that city July 7, 1914, to recover damages on the ground that the defendants fraudulently had refused to count the vote he cast at that election and on August 16, 1915, he served notice to take depositions at Independence which notice was quashed by the court on motion of the defendants. Afterward relator filed a motion to dismiss that suit which is still pending and on August 19, 1915, filed another suit for the same cause and against the same defendants in the circuit court of Jackson county at Independence. Defendants answered September 13th, and, at the same time, filed a motion to transfer the cause to the circuit court at Kansas City for the reasons, *inter alia,* that all of the parties to the suit and "all parties having knowledge of the facts" are residents of Kansas City and that relator filed the suit at Independence for the purpose of taking depositions therein in deprivation of the right of defendants under section 6390, Revised Statutes 1909, to have a commissioner appointed to hear and take such testimony.

While that motion was pending relator served notice to take depositions before a notary public in Kansas City on September 27th, and this was followed by

a motion, filed by defendants, to quash the notice for reasons substantially the same as those assigned in support of the motion to transfer. The court at Independence heard and sustained the latter motion and entered an order sending the cause to Division 1 at Kansas City.

The ground on which the motion was sustained was not stated in the order, nor was any ruling made on the motion to quash the notice for depositions. The Judge of Division 1, in turn, transferred the case to respondent who assumed jurisdiction, heard the motion of defendants to quash the notice and, on September 28th, entered an order sustaining that motion. In anticipation of the transfer of the cause to Kansas City defendants, on September 27th, filed in the latter court a second motion to quash the notice in which the grounds alleged were (1) that the notice "is an abuse of process by plaintiff and an unlawful attempt by plaintiff to deprive these defendants of their right to have a commissioner appointed" and (2) that "the petition herein is wholly insufficient in law to constitute any cause of action whatever." The alternative relief was prayed that "if said notice be not quashed or suppressed, to appoint a commissioner herein to take depositions herein."

As we understand the record, Judge Burney sustained the second motion obviously on the first ground, viz., that in bringing the suit in Independence and in proceeding to take depositions in assertion of the right to have them taken without the appointment of a commissioner, relator was guilty of an attempt to abuse the process of the court and to deprive defendants of a substantial right vouchsafed to them by the provisions of section 6390. We shall not assume that respondent fell into the patent error of sustaining the second ground since it is elementary that a motion to quash a

notice to take depositions cannot be made to do duty as a demurrer to the petition.

The facts we have stated present three important questions of law viz., first: Did the circuit judge at Independence act within the scope of his proper jurisdiction in transferring the cause to the circuit court at Kansas City? If he did, the second question to arise relates to the jurisdiction or judicial authority of respondent to quash the notice on the ground that it was an abuse of process and an unlawful attempt of relator to deprive defendants of the right they had under the statute to apply for the appointment of a commissioner to take the depositions. And the third question arising from the postulate that the quashing of the notice was improper relates to the subject of dealing with such ruling in a proceeding in prohibition.

We shall discuss these questions in the order stated.

I.

The statutes provide that the sixteenth judicial circuit shall consist of the county of Jackson in which are Kansas City with more than 50,000 inhabitants and Independence with less. [Sec. 3995, R. S. 1909.] That judicial circuit, in common with others has but one circuit court which consists of a number of divisions at Kansas City and one divison at Independence. In an act passed in 1905 (see Laws of 1905, page 121), the circuit court at Independence was expressly designated as "a division of the circuit court of the sixteenth judicial circuit in Jackson county;" the judge of that division was invested with "all the powers of any of the other circuit judges of said circuit court" and it was provided that "the court at Independence and each division of the court at Kansas City . . . may, for good cause shown, order any civil cause transferred from the court at Independence to the court at Kansas

City, and from the court at Kansas City to' the court at Independence.''

The judges of the sixteenth circuit, including the judge of the Independence division, were empowered to frame and enter of record rules relating to the orderly and systematic transaction of business in the different divisions, among the subjects specially mentioned as falling within the purview of that power being that of providing for ''the transfer of civil cases to and from each division.''

The clear purpose of this act was to place the Independence division with the group· of divisions at Kansas City and to provide for the transfer of civil cases to and from that division in the manner that such cases might be transferred from one of the Kansas City divisions to another, the only condition imposed as a predicate for the transfer of a case to or from Independence being that such transfer should be ''for good cause shown.'' These provisions were re-enacted by the Legislature in 1913 (see Laws, 1913, page 211, sections 3 and 6) in an act for the creation of two additional divisions of the court at Kansas City.

Since there is but one circuit court in Jackson county and the statutes do not attempt to divide that county territorially between the divisions at Kansas City and the division at Independence, section 1751, Revised Statutes 1909, which provides that ''suits instituted by summons shall, except as otherwise provided by law, be brought: First, when the defendant is a resident of the State, either in the county within which defendant resides, or in the county within which the plaintiff resides and the defendant may be found;'' applies, and there is nothing in the law to prevent a resident of Kansas City from selecting the court at Independence as the place in which to bring an action against another resident of Kansas City. The territorial jurisdiction of the division at Independence being

the whole of Jackson county, any resident of that county, wherever he may reside therein, may resort to that court if he chooses. His motive in preferring to bring his suit therein is immaterial and he should not be judicially reprobated and punished for exercising the right the law bestowed upon him, of bringing his suit in a court having jurisdiction to entertain such actions. We, therefore, begin with the premise that relator acted within his clear legal right in filing his second suit at Independence, and the mere fact that he did this for the purpose of securing an advantage in the taking of depositions, owing to the inapplicability of section 6390 to suits pending at Independence, would constitute no ground for the abatement or dismissal of his suit. But it does not follow as a corollary to this premise that he was entitled to have his suit remain at Independence in order that it might be exempt from the operation of the statutory provisions for the transfer of causes to which we have referred.

Those provisions were designed to serve the main purposes of expediting the transaction of business in the circuit court of Jackson county by equalizing the work of the different divisions and of serving the interests and convenience of parties and witnesses. Necessarily a wide discretion was intended by the Legislature to be lodged in the judge in the determination of the question of whether or not a good cause was shown or appeared for the transfer of a cause, and the exercise of such discretion in a given case would not be reviewed in the appellate court, even on appeal, unless it clearly appeared that the limits of a broad discretion had been exceeded and the transfer had been made oppressively, capriciously, or for a reason stated in the order which would not constitute a good cause. The presumption of right acting in such cases is very strong and in the instant case is not overcome, or in any wise impaired.

The order of transfer does not state the ground or grounds on which it was made, but the motion alleged good grounds and we must assume, in the absence of competent proof to the contrary, that the ruling was sustained by proof of a good cause for the transfer. As we are advised, the term "for good cause shown" has not been judicially defined in this State. We think it was intended to embrace a wide field of possible causes or reasons, including not only those relating to facilitating the transaction of business in the various divisions, the equalization of the work, and to serving the convenience of parties, but also those which the court, in the exercise of a sound discretion, might deem essential to the orderly, fair and just progress of the particular case through the trial court. The fact stated in the motion which is supported by the finding of the court expressed in the order that the parties to the suit and "all parties having knowledge of the facts alleged in said petition are residents of Kansas City" was a good cause for the transfer, as was also the fact that relator proposed to take the depositions in Kansas City of numerous witnesses residing there.

Relator had acquired no vested right to take depositions before a notary public of his own selection and if the court found, as doubtless it did, that the case was one in which considerations of justice and fairness called for the appointment of a commissioner to preside at the taking of such depositions, we hold that such finding would constitute a good cause for the transfer in order that the action might fall within the purview of section 6390. The discretion exercised by the court was well within the confines of its jurisdiction and juridical powers and, this being so, its results could not properly be disturbed either on appeal or in prohibition.

## II.

Passing to the second question, we begin with the premise which follows from the views just expressed that the division at Kansas City acquired jurisdiction over the cause, including the incidental issues raised by the motion to quash the notice.

The real gravamen of that motion was, as we have shown, that plaintiff was attempting to deprive defendants of the benefits of section 6390, Revised Statutes 1909, which provides: "When the witness is found in this State, the deposition may be taken by the proper officer thereof without any commission or order from any court or clerk: *Provided,* that whenever a notice shall be given as required by law in a cause pending in any city which has, or which shall hereafter have, a population of over fifty thousand inhabitants at the time such notice shall be served, to take the depositions of witnesses at any place in such city, the party upon whom such notice shall be served, as provided by law, may at any time after the service of such notice, and before the taking of such depositions shall be commenced, after having given the party or his attorney, on whose behalf such notice shall have been given, one day's notice, in writing, to be served by delivering a copy thereof to the adverse party or his attorney of record, of his intention to apply for the appointment of a special commissioner to take such depositions, and of the time and place of making such application, apply to the circuit court, or the clerk or any judge thereof, to appoint a special commissioner to take the depositions under such notice, and thereupon such circuit court, or the clerk or judge thereof, upon such application, and upon proof of the service of the notice of such application, as above required, shall forthwith appoint such special commissioner to take such depositions, which said special commissioner shall be an attorney of

record in such court, learned in the law, disinterested, and of no kin to either party to such cause;" etc.

At the time the notice to take depositions at Kansas City was given the suit was pending at Independence but, regardless of whether it was pending there or at Kansas City, plaintiff had the unquestionable right to give notice to take depositions before a notary public. The quoted section does not require the party desiring to take depositions in an action pending in a city containing more than 50,000 inhabitants first to procure the appointment of a commissioner, but merely gives to the adverse party the right to apply to the court in which the suit is pending, for such appointment.

"Any party to a suit pending in any court in this State may obtain the deposition of any witness, to be used in such suit, conditionally." [Sec. 6384, R. S. 1909.] The word "conditionally" does not refer to the right to take, but the right to use such deposition. [Ex parte Livingston, 12 Mo. App. 80.] The right to take depositions in a pending cause is recognized by the courts of this State, not only for the purpose of obtaining and preserving testimony for introduction at the trial of the cause, or of some issue therein, but also as a substitute for the old bill of discovery in which a party may search the conscience of his adversary. [Tyson v. Loan Co., 156 Mo. 588.]

As is well observed in the cited case, the power conferred by statute to take depositions "is liable to be and sometimes is abused, but on the whole its results are good, and experience has approved it." Manifestly, in providing in section 6390 for the appointment by the court, on the motion of the adverse party, of a special commissioner, learned in the law, to preside as an officer of the court at the taking of depositions in large cities, the Legislature was guided by the belief that the abuses of the power to take depositions before a

notary public of the selection of the party giving the
notice were greater in large cities than in other com-
munities, and that the adverse party should be accorded
the protection of the right to have a special and dis-
interested commissioner to preside at the taking of the
testimony, to the end that the inquiry might be con-
fined to the legitimate issues of the case and not range
over other and impertinent fields.

The cause, after its transfer to Kansas City, was
pending in the court in that city and was under the
operation of section 6390. The transfer had no effect
upon the validity of the notice to take depositions which
relator had a clear right to give, and the only right
open to the defendants was to apply for the appoint-
ment of a commissioner. They had no ground upon
which to seek the destruction of the notice itself, or to
deprive relator of his right to take depositions in prep-
aration for the trial, and the respondent, in ordering
the notice quashed, instead of granting the alternative
prayer for the appointment of a commissioner, acted
not only erroneously, but in excess of the judicial pow-
ers which were a proper attribute of his jurisdiction
over the cause and the subject-matter raised by the
motion.

In their brief counsel for respondent concede, as
they must, the right of relator to take depositions.
They say: "A new notice to take depositions may be
served, and if the respondents so desire, they may
make an application for a commissioner, the commis-
sioner can be appointed and the testimony can be taken
in an orderly manner." But if the old notice was an
abuse of legal process, and a fraud on the rights of
the defendants, a new one would be infected with the
same infirmity and vice. The action is the same as it
was before its transfer to Kansas City, and the right
of relator to take depositions, and the method he must
pursue, were in no whit affected thereby. In the utter-

ance quoted counsel virtually concede the fallacy of their position that respondent was right in quashing the notice.

## III.

It is not the purpose of the extraordinary writ of prohibition to correct errors of the trial court for the correction of which the ordinary remedies, such as appeal or writ of error, would afford adequate relief, and the general rule is that where the judicial action complained of was within the jurisdiction of the court, prohibition will not lie, however erroneous the action may be which the superintending tribunal is asked to prohibit. [State ex rel. v. Riley, 203 Mo., 175 and cases cited.] But a judicial act will be treated as extra jurisdictional when it takes on the form and character of an abuse of judicial power in an action and concerning a subject-matter belonging to a class over which the respondent court had jurisdiction. As is aptly said in the cited case: "The writ is equally appropriate and available to keep such a court within the boundaries of its lawful power in given cases, no less than to prevent its cognizance of causes not consigned to its jurisdiction." [Citing State ex rel. v. Slover, 126 Mo. 652; State ex rel. v. Withrow, 133 Mo. 500; 2 Bailey on Jurisdiction, sec. 447; State ex rel. v. Spencer, 166 Mo. 271; Railroad v. Wear, 135 Mo. 230.]

. . And the writ will lie to prohibit such abuse of power, notwithstanding the relator may have the right of appeal if the exercise of such right would be an inadequate remedy for the abuse. [State ex rel. v. Denton, 128 Mo. App. 304; State ex rel. v. Allen, 45 Mo. App. 557; State ex rel. v. Eby, 170 Mo. 497; State ex rel. v. Fort, 107 Mo. App. 328.]

The pertinent rule is well expressed in the following excerpt from the opinion of LAMM, J., in State ex rel. v. Fort, 210 Mo. l. c. 525: "It cannot be doubted

that (subject to a judicial discretion to be exercised in issuing all discretionary writs) the writ of prohibition may go to confine a court within the limits of its jurisdiction whether such court has no jurisdiction at all or is exercising powers in excess of its rightful jurisdiction. So much is elementary. The writ may go whenever judicial functions are assumed, not rightfully belonging to the person or court assuming them. Generally speaking, it is available to keep a court within the limits of its power in any particular matter as well as to prevent the excess of jurisdiction in a cause not given to it by law.'' Other definitions equally clear and luminous are found in St. Louis, et al. v. Wear, 135 Mo. 230, and State ex rel. v. Sale, 188 Mo. l. c. 496.

We think the order quashing the notice to take depositions should be classed as an excessive exercise of judicial authority. Respondent had jurisdiction over the action and the subject-matter in hand, but in quashing the notice which had been lawfully issued and served and was in full force, he attempted, without semblance of legal warrant or justification, to deprive relator of a right clearly given by statute and sanctioned by long and most general usage in the administration of justice in this State. In effect, the ruling meant that relator should be stripped of the right to take depositions in preparation for the trial of his cause which, it must be conceded, was lawfully pending at Independence when the notice was issued. The statutes provide no penalty for an attempt of a party residing in Jackson county to prevent the application of section 6390 by bringing his suit at Independence, nor does it denounce such action as being opposed, either to the letter or spirit of that section. By what authority, then, may relator be punished for doing what he had a lawful right to do, by being deprived of a right

193 App. 22

necessary to the proper preparation of his case for trial? As suggested by my brother Trimble, the court as well might quash the subpœnas for witnesses the relator may deem necessary to have issued and served in preparation for trial.

Obviously the remedy by appeal would be inadequate and there is no merit in the argument that prohibition will not lie because the notice has been quashed and the office of the writ is not to undo that which has been done but to prevent the doing of that which has not been done. [State ex rel. v. Mills, 133 S. W. 22.] To that rule should be added another, that where the excessive action is not wholly completed and as long as any part of it remains unexecuted, further proceedings upon it properly may be prohibited. [State ex rel. v. Rombauer, 105 Mo. l. c. 105; State ex rel. v. Elkin, 130 Mo. l. c. 109; St. Louis et al. v. Wear, supra.] If the notice has been kept alive by relator, as we are informed it has been, the order to quash has not been fully executed—something yet remains to be done to enforce it, and prohibition will lie to prevent its execution. Our conclusion is that relator is entitled to proceed with the taking of depositions under the notice, subject to the right of defendants to have a special commissioner appointed, as provided in section 6390, and that a peremptory writ be issued to prohibit respondent from enforcing, or attempting to enforce, the order quashing the notice. It is so ordered.

*Ellison, P. J.,* concurs in separate opinion; *Trimble, J.,* concurs.

## SEPARATE CONCURRING OPINION.

ELLISON, P. J.—The petition for the writ on its face and by the prayer thereof shows a double purpose: First, it seeks to have respondent prohibited from quashing the notice to take depositions thereby preventing relator from taking depositions. Second, it

seeks to have respondent prohibited from taking cognizance of, or exercising jurisdiction over, the action in which the depositions are to be taken.

In the foregoing opinion we have decided that respondent did not have jurisdiction to quash the notice to take depositions; but on the second ground, we have decided that the case was properly and legally transferred to respondent's division of the circuit court and that as judge of such division, he had jurisdiction of the cause.

The motion by defendants was in the alternative. It asked that the notice be quashed, or, if not, that the respondent proceed to appoint a commissioner to take such depositions as provided by section 6390, Revised Statutes 1909. Having decided that the notice should not be quashed it becomes respondent's duty under such statute, to appoint a commissioner who will take the depositions under the notice. For, though the statute requires that the party wanting a commissioner appointed must apply therefor before the taking of depositions shall be commenced, yet it is shown by allegations in relator's petition for the writ, that before the day named in the notice for taking such depositions defendants duly notified relator of his intention to ask the appointment of a commissioner to take them. Now it seems from other allegations in the petition that relator, notwithstanding this action on defendant's part, has proceeded to begin the taking of depositions under such notice, before a notary by calling a witness and then adjourning from day to day. This perhaps has been done as a precaution, so that if it should be decided that respondent had not jurisdiction of the cause, and consequently was without authority to appoint a commissioner, the depositions before a notary could go on. But however that may be, it is manifest that the statute does not contemplate that one party, who has been duly notified before he commences

to take depositions, may thwart the right of the other party to have a commissioner appointed, by ignoring such notice and beginning to take the depositions. Therefore, since we have decided that the respondent has jurisdiction of the cause and has authority to appoint such commissioner, it becomes his duty to make such appointment (unless defendant's request be withdrawn) such commissioner to take the depositions as directed by said section 6390 of the statute. *Johnson* and *Trimble, JJ.,* concur.