STATE OF MISSOURI at the relation of ALICE M. COWDEN, M'LISS COWDEN, JOSEPH H. COWDEN and PETER COWDEN, Relators, v. A. G. KNIGHT, Judge of the Circuit Court of Grundy County.— 92 S. W. (2d) 610.

Division One, March 10, 1936.

*Homer Hall* and *W. T. Ragland* for relators; *Ragland, Otto & Potter* of counsel.

*Cunningham & Scott* and *H. J. Bain* for respondent.

586

GANTT, P. J.—Original proceeding. Relators seek to prohibit the Circuit Court of Grundy County from further action in a mandamus proceeding.

The will of Helen McAdams, deceased, was exhibited and filed in the probate court within a year from the date of the first publication of notice of letters of administration. It was exhibited on the last day of the year of limitation. The final settlement of the administrator had been approved and distribution ordered. The court refused to take proof of the will. Thereupon the exhibitors of the will petitioned the circuit court to compel the probate court to "receive proof of the execution of said will and grant a certificate of probate, or, if the will be rejected, grant a certificate of rejection."

They contend that the probate judge was without discretion in the matter. It is unnecessary to consider this question for they amended the alternative writ by pleading the will and all the facts necessary to a determination of the issues on the merits. In other words, they sought the judgment of the circuit court on the merits. The amended writ was issued and served on the probate judge. He then petitioned this court for a provisional rule in prohibition. In the will all of her property is bequeathed and devised as follows:

"Second: I bequeath unto my father Allen Cowden the sum of One ($1.00) dollar and unto my brother Homer B. Cowden I also bequeath the sum of one ($1.00) dollar.

"Third: I give, devise and bequeath all of the rest and residue of my estate real and personal unto my husband William J. McAdams."

The legatees and devisee in the will predeceased the testatrix. The husband, William J. McAdams, deceased, left no children or other descendant, and the testatrix, Helen McAdams, deceased, left no children or other descendants. Relators in the mandamus proceeding are sisters, brother, nephews and nieces of William J. McAdams, and are his collateral heirs. Relators in this proceeding are the children of Homer B. Cowden, deceased, the brother of Helen McAdams, and are her collateral heirs.

Respondent circuit judge contends in this proceeding that the heirs of William J. McAdams take the estate of Helen McAdams, except the two dollars bequeathed to the father and brother, under the Statute of Descents and Distributions.

■ ■ There are no words of substitution or other provisions in the will against a lapse of the devise to William J. McAdams. And the only statute on the question follows:

"When any estate shall be devised to any child, grandchild or other relative of the testator, and such devisee shall die before the testator leaving lineal descendants, such descendants shall take the estate, real or personal, as such devisee would have done in case he had survived the testator." [Sec. 527, R. S. 1929.]

The husband, William J. McAdams, was not a "relative" of the testatrix within the meaning of the statute. [Bramell v. Adams, 146 Mo. 70, 47 S. W. 931.] Furthermore, he died without leaving lineal descendants. It is clear that the devise to him does not fall within the provisions of the statute, and the residuary clause of the will lapsed. [69 C. J., p. 1067, sec. 2301; Romjue v. Randolph, 166 Mo. App. 87, 96, 148 S. W. 185; McMenamy v. Kempelmann, 273 Mo. 450, 459, 460, 200 S. W. 1075; Snow v. Ferril, 320 Mo. 543, 8 S. W. (2d) 1008, 1017; Bramell v. Adams, supra.] If so, Helen McAdams died intestate as to that part of her estate. [18 C. J., p. 837, sec. 65; Romjue v. Randolph, supra.] And the "relatives" of William J. McAdams did not inherit from Helen McAdams. [Secs. 306, 308, R. S. 1929; 18 C. J., p. 843, sec. 76; Watson v. Watson, 110 Mo. 164, 170, 19 S. W. 543; Hurst v. Von De Veld, 158 Mo. 239, 247, 58 S. W. 1056.]

Relators in this proceeding correctly summarize the facts as follows:

"When the amended alternative writ of mandamus, commanding the Judge of the Probate Court to probate the will of Helen McAdams, deceased, was laid before respondent as Judge of the Circuit Court, it disclosed upon its face: That said will purported to have been executed by said Helen McAdams in the lifetime of her

husband, William J. McAdams; that said William J. McAdams, the devisee of the residuary estate in said purported will, predeceased the purported testatrix; that said William J. McAdams left no lineal descendants; that the relators in the mandamus proceeding before respondent were the collateral heirs of said William J. McAdams and were not in any way related to said Helen McAdams; that the legatees in said purported will, Allen Cowden and Homer B. Cowden, to whom were bequeathed one dollar each, were the father and brother, respectively, of the said Helen McAdams, deceased, and predeceased her; and that Alice M. Cowden, M'Liss Cowden, Joseph H. Cowden and Peter H. Cowden, were the children of said Homer B. Cowden, deceased, and consequently were the lineal descendants of said Allen Cowden and Homer B. Cowden, deceased, and were the sole surviving heirs at law of the said Helen McAdams, deceased. From these facts respondent knew as a matter of law that, if the will were probated, Helen McAdams died intestate as to all of her estate except two dollars, the legacies to Allen and Homer B. Cowden; that the part of her estate as to which she died intestate was cast upon Alice M. Cowden, M'Liss Cowden, Joseph H. Cowden and Peter H. Cowden, as her heirs at law and next of kin; that the legacies amounting to two dollars would go to the same persons, as lineal descendants of the deceased legatees named in the will; and that if the will were not probated the estate as a whole would go to the same persons and in the same proportions.

Thus it appears that it would be useless to probate the will. If so, the probate judge should not be compelled to do so. The rule is stated as follows:

"In accordance with principles heretofore considered, the writ will not be issued against a judicial officer if for any reason it would be useless or unavailing." [38 C. J. 614.]

On the face of the amended writ it appeared that the issuance of a peremptory writ would be uselelss. It follows that the circuit court exceeded its jurisdiction and should be prohibited from further action in the mandamus proceeding. [State ex rel. v. Burney, 193 Mo. App. 326, 336, 186 S. W. 23; State v. Westhues, 316 Mo. 457, 290 S. W. 443, 447; State v. Bird, 253 Mo. 569, 581, 162 S. W. 119; Dahlberg v. Fisse, 328 Mo. 213, 40 S. W. (2d) 606, 610.]

The provisional rule should be made absolute. It is so ordered. All concur.