In the Matter of the Estate of MARY J. KNIGHTEN, SAMUEL ARTHUR KNIGHTEN and LONA M. HEADLEE, Appellants, v. WALDO G. GIDEON, Executor of the Last Will and Testament of MARY J. KNIGHTEN.—125 S. W. (2d) 863.

Division One, March 8, 1939.

*Roscoe C. Patterson* and *J. O. Patterson* for appellants.

*Waldo G. Gideon* for respondent.

GANTT, J.—Action originating in the probate court. Plaintiffs claim as distributees under Clause 2 of the will of Mary J. Knighten, deceased. The claim was denied and plaintiffs appealed to the circuit court. The claim also was denied in that court and plaintiffs appealed.

The facts follow: The will was dated February 14, 1931. Mary J. Knighten was the second wife of Ammon Knighten. Plaintiffs are the children of Ammon Knighten by his first wife. Mary J. Knighten had no children, brother, sister, father or mother, nor descendants of either surviving her at the time of her death. Ammon Knighten died November 23, 1932. Mary J. Knighten died October 21, 1934. Clause 2 of the will follows:

"'I will, bequeath and devise to my husband, A. Knighten, the sum of Eight thousand dollars, and, in addition thereto, I will and bequeath to him my Buick car, one bed, one sheet, one quilt and six blankets. I further will, bequeath and devise to my husband, A. Knighten, absolutely, the forty acres described as follows: The Southwest

Quarter of the Northwest Quarter in Section (20) Township (30) Range (21), lying on the west side of and adjoining the old house formerly occupied by my father, Mansel Putnam, in Greene County, Missouri, said devise of said forty acres to be in lieu of dower in my other lands.''

After bequests to cousins and charitable institutions, she bequeathed the residue of her estate to the American Bible Society of New York City. She directed that all of her real estate, not specifically devised, be sold and the proceeds distributed as directed by the will. There are no words of substitution or other provisions in the will in the event of a lapse of the bequest and devise to Ammon Knighten. Even so, plaintiffs claim as distributees under Section 527, Revised Statutes 1929, relating to wills, which section follows:

''When any estate shall be devised to any child, grandchild or *other relative of the testator,* and such devisee shall die before the testator, leaving lineal descendants, such descendants shall take the estate, real or personal, as such devisee would have done in case he had survived the testator.'' (Italics ours.)

They contend that a husband and wife are related within the meaning of the words ''other relative of the testator.'' In other words they contend that under said section the plaintiffs, children of Ammon Knighten, are substituted as legatees for the legatee Ammon Knighten who predeceased his wife Mary J. Knighten.

It has been uniformally ruled in this and other jurisdictions that the words ''other relatives of testator,'' and similar words, as used in said section and similar sections, include only relatives by consanguinity. [Bramell v. Adams, 146 Mo. 70, 47 S. W. 931; Trust Co. v. Curby, 255 Mo. 393, 164 S. W. 485; Rauch v. Metz, 212 S. W. 355; State ex rel. Cowden et al. v. Knight, 338 Mo. 584, 92 S. W. (2d) 610; McMenamy v. Kempelmann, 273 Mo. 450, 200 S. W. 1075; Jarboe v. Hey, 122 Mo. 341, 26 S. W. 968; Esty v. Clark, 101 Mass. 36; Keniston v. Adams, 80 Me. 290; In re Renton's Estate, 10 Wash. 533, 39 Pac. 145; 1 Underhill on Wills, p. 453.]

But plaintiffs insist that in ruling the question we have not considered Section 306, Revised Statutes 1929, relating to descents and distributions, which section follows:

''When any person having title to any real estate of inheritance, or personal estate undisposed of, or otherwise limited by marriage settlement, shall die intestate as to such estate, it shall descend and be distributed in parcenary, to his kindred, male and female, subject to the payment of his debts and the widow's dower, in the following course: First, to his children, or their descendants, in equal parts; second, if there be no children, or their descendants, then to his father, mother, brother, and sisters, and their descendants in equal parts; third, if there be no children, or their descendants, father, mother, brother or sister, nor their descendants, *then to husband or wife;* if

there be no husband or wife, then to the grandfather, grandmother, uncles and aunts, and their descendants, in equal parts; fourth, if there be no children or their descendants, father, mother, brother, sister, or their descendants, husband or wife, grandfather, grandmother, uncles, aunts, nor their descendants, then to the great-grandfathers, great-grandmothers, and their descendants, in equal parts; and so on, in other cases, without end, passing to the nearest lineal ancestors and their children, and their descendants, in equal parts." (Italics ours.)

They argue that the provision for descent to the husband or wife should be considered as defining the words "kindred" or "relative" to include relatives by affinity. We do not think so. Section 306, Revised Statutes 1929, is Section 1 of Descents & Distributions in Revised Statutes 1845. In said Section 1 there is no provision for descent to the husband or wife. There is such a provision in Section 1 of Descents & Distributions, Revised Statutes 1855. Thus it appears that when first enacted the statute provided for descent only to persons related by consanguinity. It will be noted that the change in the section provided only for descent to the husband or wife. No provision is made for descent to the descendants of the husband or wife. In the course of descent the husband or wife, as the case may be, succeeds to the property in view of such relationship. Clearly there was no intention to define the words "kindred" or "relative" as including relatives by affinity. On the contrary it is provided in Section 308, Revised Statutes 1929, that relatives by affinity inherit only as follows:

"If there be no children or their descendants, father, mother, brother nor sister, nor their descendants, husband or wife, nor any paternal nor maternal kindred capable of inheriting, the whole shall go to the kindred of the wife or husband of the intestate, in the like course as if such wife or husband had survived the intestate, and then died entitled to the estate."

We adhere to our ruling in the above cited cases. The judgment should be affirmed. It is so ordered. All concur.