**SCHUCK, Extr., Plaintiff, v. SCHUCK et, Defendants.**

Probate Court, Hamilton County.

No. 2096. Decided September 12, 1958.

396

Carl S. Rankin, Cincinnati, for Estate of Arthur Schuck, deceased.
R. T. Dickerson, Cincinnati, for Margaret Schuck and Dorothy Schuck Steinman.

## OPINION

By DAVIES, J.:

This matter came before the Court upon a petition to determine heirship filed by Erwin Schuck, executor of the estate of Arthur Schuck, deceased.

Arthur Schuck, a resident of Hamilton County, died on September 3, 1957. His will, after making two monetary bequests, provided as follows:

"Item 4. All the rest and residue of my estate, real, personal and mixed, wheresoever situated, which I may own or have the right to dispose of at the time of my death, I give, devise and bequeath to my sister-in-law, Bertha R. Schuck, widow of my deceased brother Frank Schuck, and my brother Erwin Schuck, both of Cincinnati, Ohio, same to be theirs share and share alike, absolutely and in fee simple."

Arthur Schuck's next of kin were two nieces, Margaret Schuck and Dorothy Schuck Steinman, children of his said brother, Frank Schuck, who died in January, 1952, a brother, Erwin Schuck, and a niece, Hilda Arnold, the child of testator's sister, Flora, who predeceased him. His sister-in-law, the aforementioned Bertha R. Schuck, survived him by one day, having died on September 4, 1957.

Margaret Schuck and Dorothy Schuck Steinman claim that they are entitled to one-half of the residue of testator's estate under the provisions of §2107.52 R. C., which became effective on October 1, 1953, and which provides as follows:

"When a devise of real or personal estate is made to a relative of a testator and such relative was dead at the time the will was made, or dies thereafter, leaving issue surviving the testator, such issue shall take the estate devised as the devisee would have done if he had survived the testator. If the testator devised a residuary estate or the entire estate after debts, other legacies and devises, general or specific, or an interest less than a fee or absolute ownership to such devisee and relatives of the testator and such devisee leaves no issue, the estate devised shall vest in such other devisees surviving the testator in such proportions as the testamentary share of each devisee in the devised property bears to the total of the shares of all of the surviving devisees, unless a different disposition is made or required by the will."

Prior to October 1, 1953, the statute (then §10504-73 GC, and before

that, §5971 R. S.), provided that when a devise of real or personal estate was made to a **child or other relative** of the testator, if such child or other relative was dead at the time the will was made, or died thereafter, leaving issue surviving the testator, in either case such issue would take the estate devised as the devisee would have done, if he had survived the testator. (Emphasis ours.)

Margaret Schuck and Dorothy Schuck Steinman's claims depend upon the statutory meaning of the word "relative" found in the above statutes.

The Supreme Court of Ohio, in the case of **Schaefer et al. v. Bernhardt et al., 76 Oh St 443, 81 N. E.** 640, considered a case in which Catherine Schaefer died in June, 1902, leaving a will dated October 9, 1899, which left her whole estate to her husband, Ludwig Schaefer, who died in the year 1900; leaving children by a former marriage. The decedent, Catherine, was survived by a brother, sister, and children of a predeceased brother as her sole surviving heirs at law. The husband's children claimed that the devise did not lapse because of the provisions of §5971 R. S., which provided that "when a devise of real or personal estate is made to any child or other relative of the testator, if such child or other relative shall have been dead at the time of the making of the will, or shall die thereafter, leaving issue surviving the testator, in either case such issue shall take the estate devised in the same manner as the devisee would have done, if he had survived the testator." The court held "the phrase 'other relative' should, in accordance with the maxim **noscitur a sociis**, be restricted to relationships of the character indicated by the associated word 'child,' and regarded as including those which are consanguineous, but excluding those which are affinitive merely," and the court further held that "notwithstanding the statute, a devise of real estate by a wife to her husband will lapse if his death precedes hers, although he leaves issue of a former marriage surviving the testatrix." (Emphasis ours.)

The children of the husband contended that the word "relative" in the statute included relations which were affinitive as well as those which were consanguineous. The court (p. 447) stated that lexicographical definitions could be found to support the view that the word "relative" meant blood relative, or could mean either relations by blood or affinity. The court, however, stated that "in the making of laws words which have an established legal meaning are used with reference to that meaning, and a resort to the decisions will do much to remove the doubt in which the subject in hand would be left by the wide diversity of the meaning of the word in popular use. An examination of the cases—shows that, the question not being affected by the context or by related provisions, the decisions have quite uniformly regarded the word in statutes of this character as applying only to those who are related by consanguinity to the testator." The court (p. 448) did say that if the word "child" had been omitted from the statute, a stronger case against lapsing could have been urged with much greater force, but the court then concluded its opinion with the following statement: "This (§5971 R. S.), is not a remedial statute suggestive of aims for

whose accomplishment the most comprehensive meanings of its terms should, if necessary, be adopted. It is a statute defining rights in property, and for that purpose introducing a rule which is in direct conflict with that which had previously applied to cases of like character. Its operation should, therefore, be no broader than is justified by the clearly expressed intention of the legislature. Another reason of weight favors the commonly accepted view of the subject. Throughout our statutes of descent and distribution obvious consideration is given to the law of nature by which our highest regard and chief concern are for those who are bound to us by the ties of blood. Devolution of title will be in accordance with that rule if the word 'relative' in this connection is taken in its legal sense, the subject of the devise passing as intestate property, there being no other disposition contingent upon the death of the devisee prior to that of the testator."

Although the word "relatives" or "relations" has a common meaning which includes all persons who are in any way related by consanguinity, the general rule, followed in Ohio, is that, when used in a will, the words are presumed to have been used in their restricted sense, so as to mean relatives or relations who are heirs or next of kin of the testator, who would take his estate under the statutes of descent and distribution, in the absence of an apparent intent to the contrary. **41 O. Jur. 685, Section 568;** 3 Page on Wills, 161, Section 1030.

Courts have uniformly held that, in statutes which provide that a devise made to a "child or other relative" of the testator, the phrase "child or other relative" means relation by blood, equivalent to kindred, and does not include relation by affinity. Thus, in the case of Cleaver v. Cleaver et al., 39 Wisc. Rep. 96, it was held that the phrase "child or other relation" of a testator does not include his second wife, with the conclusion that a bequest made to her by his will lapses, although she left issue which survived him. See also: In re: Wright's Estate, 268 Mich. 586, 256 N. W. 557; In re: Estate of Manloff Gregory, 345 Mo. 699, 136 S. W. (2d) 306; Woelk et al. v. Luckhardt, Adm. et al., 134 Neb. 55, 277 N. W. 836; **Kohn, ex. et al. v. Kerr et al., 39 O. O. 381, 54 Abs 433; Kegler, Admx. v. Kempter et al., 74 Oh Ap 279;** Esty, Adm. v. Clark et al., 101 Mass. 36; Stenneck, exr. v. Kolb et al., 91 N. J. Eq. 382, 111 Atl. 277.

The statutory phrase "child or other relation" includes only relations by blood, and not by affinity, and a bequest to a step-son, who predeceased the testatrix, lapsed. In re: Estate of Pfeulb, 48 Cal. 643; Kimball v. Story et al., 108 Mass. 382.

A brother-in-law was held not to be a "relation" of the testatrix. Horton et al. v. Earle et al., 162 Mass. 448, 38 N. E. 1135. A sister-in-law is not a "child or other relative," which phrase includes only relation by blood and not by marriage. Porterfield, Adm'r v. Porterfield et al., 4 O. N. P. (ns) 654; Mann et al. v. Hyde et al., 71 Mich. 278, 39 N. W. 78; Canfield et al. v. Canfield et al., 62 N. J. Eq. 598, 58 Atl. 471.

The phrase "child, grandchild, or other relative of the testator" does not inclule those connected with the testator by marriage only because it has long been settled that a bequest to one's relations applies only to those who, by virtue of statutes of descent and distribution, take

property as next of kin. Bramell et al. v. Adams et al., 146 Mo. 70, 47 S. W. 931; In re: Estate of Mary J. Knighten, 344 Mo. 246, 125 S. W. (2d), 863.

Courts outside of Ohio have considered the meaning of the lone phrase "relative" of the testator in statutes which prevent lapsing when a devise or bequest is made to a relative who predeceases a testator survived by issue who survive the testator.

A testatrix made a bequest to her husband, who predeceased her, leaving children by a previous marriage surviving her. The question arose as to whether or not this bequest lapsed under a statute which provided that "when a relative of the testator, having a devise of real or personal estate, dies before the testator, leaving lineal descendants, they take such estate as would have been taken by such deceased relative had he survived." The court held that a devise by a wife to her husband lapses at his death during her lifetime. Keniston et al. v. Adams, 80 Me. 290, 14 A. 203. See also: Cowden v. Knight, 338 Mo. 584, 92 S. W. (2d) 610.

It was also held that a sister-in-law is not a "relative" under the Maine statute. In re: Elliott v. Fessenden et al., 83 Me. 197, 22 A. 115, 13 L. R. A. 37. It was likewise held that a wife is not a relative of her husband under the Maine statute. Farnsworth et al. v. Whitney et al., 102 Me. 296, 66 Atl. 831.

It is axiomatic that, in the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator. The words contained in the will, if technical, must be taken in their technical sense, and if not technical, in their ordinary sense, unless it appear from the context that they were used by the testator in some secondary sense. All the parts of the will must be construed together, and effect, if possible, given to every word contained in it. Townsend's Executors v. Townsend et al., 25 Oh St 477; Carter v. Reddish et al., 32 Oh St 1; Charch v. Charch, Exr., et al., 57 Oh St 561; Moon, Admr., et al. v. Stewart et al., 87 Oh St 349, 101 N. E. 344; Addams & Hosford Ohio Probate Practice & Procedure, Fourth Edition, p. 183, par. 4.

In the construction of statutes, the purpose in every instance is to ascertain and give effect to the legislative intent. Carter v. Youngstown, 146 Oh St 203, 32 O. O. 184, 65 N.E. (2d) 63. The primary purpose of the judiciary in the interpretation or construction of statutes is to give effect to the intention of the legislature, as gathered from the provisions enacted, by the application of well settled rules of interpretation. State, ex rel Shaker Heights Public Library v. Main, 83 Oh Ap 415, 38 O. O. 464, 80 N. E. (2d) 261. The court must look to the statute itself to determine legislative intent, and if such intent is clearly expressed therein, the statute may not be restricted, constricted, qualified, narrowed, enlarged, or abridged. Wachendorf v. Shaver, 149 Oh St 231, 36 O. O. 554, 78 N. E. (2d) 370.

When the One Hundredth General Assembly, 1953, enacted the Revised Code, which became effective on October 1, 1953, it specifically provided in §1.24 R. C., "that in enacting this act it is the intent of the General Assembly not to change the law as heretofore expressed by the

section or sections of the General Code in effect on the date of enactment of this act. The provisions of the Revised Code relating to the corresponding section or sections of the General Code shall be construed as restatements of and substituted in a continuing way for applicable existing statutory provisions, and not as new enactments."

Accordingly, the phrase "relative of a testator," found in §2107.52 R. C., by legislative enactment (§1.24 R. C.), must be construed as a restatement "of and substituted in a continuing way for" the phrase "child or other relative of the testator," found in §10504-73 GC, and previously in §5971 R. S.

The phrase "relative of a testator," found in §2107.52 R. C., therefore, should be restricted to relationships which are consanguineous, and should exclude relationships which are affinitive merely, to a testator.

Sec. 2105.21 R. C., provides that "when there is no evidence of the order in which the death of two or more persons occurred, no one of such persons shall be presumed to have died first and the estate of each shall pass and descend as though he had survived the others. When the surviving spouse or other heir at law, legatee or devisee dies within thirty days after the death of the decedent, the estate of such first decedent shall pass and descend as though he had survived such surviving spouse, or other heir at law, legatee, or devisee. - - - This section shall not apply in the case of wills wherein provision has been made for distribution of property different from the provisions of this section. - - -"

Since Bertha R. Schuck died one day after the testator, his estate "shall pass and descend as though he had survived" her, unless provision was made in his will for a different distribution of the bequest made to her. Arthur Schuck made no "different provision" for the distribution of Bertha's bequest and, hence, this bequest must pass and descend as though he had survived her. Weir v. Weir, 2 O. O. (2d) 245, 139 N. E. (2d) 361, 102 Oh Ap 231.

Since, by statute, the bequest to Bertha Schuck must "pass and descend" as though testator had survived her, we must examine the second sentence of §2107.52 R. C., which provides that "if the testator devised a residuary estate - - - to such devisee and relatives of the testator and such devisee leaves no issue, the estate devised shall vest in such other devisees surviving the testator in such proportions as the testamentary share of each devisee in the devised property bears to the total of the shares of all of the surviving devisees, unless a different disposition is made or required by the will."

If this part of §2107.52 R. C., applies, Erwin Schuck is entitled to the entire residue of the testator's estate.

At common law, when a beneficiary in a will predeceased the testator, the bequest to such beneficiary lapsed and the property so bequeathed was distributed as if on intestacy. Underhill on the Law of Wills, 436, Sec. 324; In re: Buell's Estate, 167 Oreg. 295, 117 Pac. (2d) 832.

Sec. 2107.52 R. C. (formerly §10504-73 GC), limits the application of the common law by preventing lapsing of bequests made to relatives who were dead at the time a will was made or die thereafter, leaving issue surviving the testator.

The provision against lapsing in the second sentence of §2107.52 R. C., when the testator devises a residuary estate to "such devisee and relatives of the testator" is limited to cases in which all of the residuary devisees are relatives of the testator. **Heebsch, Exr. v. Lonsway et al., 81 Oh Ap 361.**

Until June 18, 1952, we believe it was the law of Ohio, where a testator made disposition of his residuary estate to named persons, who were not all relatives, and one of such residuary beneficiaries predeceased the testator, that the share of such predeceased beneficiary lapsed and descended by operation of law to the next of kin of the testator. See Heebsch, Exr. v. Lonsway et al., supra.

On the last above-mentioned date, the Supreme Court, in the case of **Commerce Natl. Bank of Toledo v. Browning et al., 158 Oh St 54,** after carefully considering what disposition should be made of lapsed legacies in residuary clauses of wills, held as follows:

"Where a will contains general residuary provisions for disposition of any and all of the testator's property not disposed of by other provisions of the will, if a bequest or devise of a part of the residue lapses or is otherwise ineffective, the part of the residue, except as provided by statute and in the absence of provisions of the will or surrounding circumstances justifying the conclusion that the testator expressed a different intention, will ordinarily pass under such residuary provisions of the will to any other parties entitled thereunder to portions of the residue, instead of passing as intestate property."

Applying the law (as established in Bank v. Browning), to the instant case, Erwin Schuck, as the sole remaining residuary beneficiary under Item 4 of the will of Arthur Schuck, deceased, is entitled to the distribution of said decedent's entire residuary estate.