*In re* WRIGHT'S ESTATE.

CLAIM OF FRYE.

1. CERTIORARI—BOARD OF ESCHEATS—REVIEW OF EVIDENCE.

On appeal in the nature of certiorari from State board of escheats, evidence may be examined by Supreme Court to determine whether finding of the board has any support in the evidence or want of evidence; to determine whether it has made a finding contrary to uncontroverted and credible evidence; and while court may not pass on any conflict in the evidence or exercise the functions of the board, the court may determine whether undisputed evidence supports or refutes the findings of the board.

2. ESCHEAT—STATUTES—EVIDENCE.

Statute authorizing claimant to file satisfactory proof of right to an escheated estate with board of escheats vests no arbitrary or discretionary power in the board but commands that sufficient proof be deemed satisfactory proof (3 Comp. Laws 1929, § 13476).

3. SAME—EVIDENCE OF CLAIMANT.

Evidence, including depositions by claimants, documents, letters and certified copies of records presented by claimants of escheated estate *held*, ample to prove them sole heirs at law of deceased.

4. WILLS—LAPSED BEQUESTS TO WIFE.
   Residuary bequest to wife lapses where she predeceases her husband and no other testamentary disposition was made.

5. DEATH—PRESUMPTION FROM LONG ABSENCE.
   On petition of nephews and nieces claiming escheated estate, son of deceased is presumed dead where he has been absent for over 30 years and his whereabouts are unknown.

Appeal from State Board of Escheats. Submitted June 13, 1934. (Docket No. 25, Calendar No. 37,820.) Decided October 1, 1934.

Lena A. Frye and others filed their petition as alleged heirs at law of B. Frank Wright, deceased, requesting the turning over of said estate to them. Claimants review order denying petition by appeal in the nature of certiorari. Reversed, and board ordered to turn over estate to claimants.

*George C. Brown,* for petitioners.

*Patrick H. O'Brien,* Attorney General, and *Maxwell L. Black,* State Public Administrator, for appellee.

WIEST, J. This is certiorari to review an order of the State board of escheats denying claimant's petition to have turned over to them the escheated estate of B. Frank Wright, deceased.

B. Frank Wright died at the city of Detroit, Michigan, April 10, 1920, and his estate, amounting to the sum of $5,592.98, was administered in the probate court for the county of Wayne and, for want of known heirs at law, there was escheat to the State of Michigan September 13, 1923.

Claimants, alleged heirs at law, on September 8, 1932, petitioned the board of escheats to turn the estate over to them. Proofs, in behalf of claimants

and unquestioned by counter showing, were submitted to the board and a finding was made in February, 1934, that insufficient evidence had been presented to prove claimants the heirs at law of B. Frank Wright, deceased.

We have examined the proofs, so submitted, and find the same amply sufficient.

The attorney general contends that, review being by certiorari, we may entertain no opinion contrary to that of the board. We may examine the evidence and determine whether the finding of the board has any support, either in the evidence given or want of evidence. There was no want of evidence and there was unquestioned and credible evidence showing the necessary relationship. While we may not exercise the functions of the board we may determine whether the board has made a finding contrary to uncontroverted and credible evidence. We cannot, under this right, pass on any conflict in the evidence but we can determine whether the undisputed evidence supports or refutes the finding of the board.

The statute, 3 Comp. Laws 1929, § 13476, requires a claimant to—''file with the State board of escheats satisfactory proof, to be determined by said board of escheats, of the right of such person    *    *    *    to the estate.'' This vests no arbitrary or discretionary power in the board but rather commands that sufficient proof must be determined satisfactory proof.

The common ancestors of B. Frank Wright and of claimants were Asa Wright and Polly (Chase) Wright of Hanover, State of New Hampshire, and now deceased. Asa and Polly had four children, B. Frank Wright, Austin Wright (father of claimants Frye, Durkee, Kroener, Axelson and Skog-

lund), Augusta Wright, later Tenney by marriage (mother of claimants Tenney and Withington), and Walter Melvin Wright (father of claimant Rogers).

The evidence, by deposition of claimants, documents, letters and certified copies of records, clearly established the fact that claimants are nephews and nieces of the deceased and, by death of their parents and others, are the sole heirs at law.

B. Frank Wright resided in the city of Detroit for many years. He was a city detective for a time and held responsible positions on Detroit newspapers. He was married four times, and had a son born in 1867. December 29, 1904, B. Frank Wright married Seddie P. Smith, who predeceased him without issue. On that day he executed a will, written by himself in longhand, and admitted to probate in the matter of his estate, in which he stated that he was born in Hanover, New Hampshire, October 13, 1841, and had lived in Detroit since March, 1863. In the will he bequeathed:

"To my son, Asa Earl Wright, my watch and chain. It is many years since I have seen him or heard from him, and I believe him to be dead. The condition of this bequest therefore is that he shall appear and claim the same from my executor within one year from the date of my death. Failing to do so, the watch and chain shall revert to my estate."

The residue of his estate he bequeathed to his wife. Testator survived his wife and, therefore, the bequest did not go to her heirs at his death. *In re Spier's Estate,* 224 Mich. 658.

The certified record of the marriage on December 29, 1904, shows that B. Frank Wright, resident of Detroit, aged 63, born in New Hampshire, father's name Asa, mother's name Polly Chase, and Seddie P. Smith were joined in matrimony.

In April, 1890, Earl Wright was convicted in the Berrien circuit of larceny from a dwelling house in the day time, and sentenced to the Michigan Reformatory for the period of three years. He was then 23 years of age, and stated he was born in Detroit, and gave the residence of his parents as 683 Seventeenth street, Detroit. The city directory of Detroit for that year shows that to have been the residence of B. Frank Wright. Earl Wright escaped from the reformatory March 5, 1892, was returned April 9, 1892, and discharged March 11, 1893. In December, 1904, as stated in the will, his father believed him to be dead. His absence for over 30 years, with whereabouts unknown, leads to the presumption of his death and leaves claimants the heirs at law of B. Frank Wright, deceased.

We omit further recital of the proofs, such as letters written by deceased, visits made by him, recitals in his father's family Bible and much else.

The proofs were remarkably strong and credibility vouched for by public records to a large extent.

The board was in error in not finding in accord with the proofs. The order denying the petition is vacated and the board of escheats is directed to convene and enter an order turning the estate over to claimants. No costs.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.