**NEEDLES, Estate of, In Re; KOHN, Plaintiff, v. KERR, Defendants.**

Probate Court, Franklin County.

No. 127821. Decided April 29, 1949.

Harry Kohn, Columbus, for Executor.

Horrace S. Kerr, Columbus, for Executor of Estate of Ona Ellen M. Needles.

Wiles & Doucher, Columbus, for heirs of Ona Ellen M. Needles.

### DECISION

By McCLELLAND, PJ.

This is an action for the construction of the will of Fred B. Needles, deceased and also for a construction of an ante-nuptial contract entered into by said decedent.

We will first consider the request for a construction of the will. The will is very short and the dispositive part reads as follows:

"I give, devise and bequeath all of the property, real, mixed and personal, which I may own or have the right to dispose of at the time of my death, absolutely and in fee simple to my wife, son and granddaughter in the following proportions, to-wit: to my wife, Ona Ellen M. Needles, one-half thereof; to my son, Carl B. Needles, one-fourth thereof; to my grand-daughter, Marilyn Ann Francis, one-fourth thereof."

The son, Carl B. Needles, who was devised one-fourth of the estate, predeceased the testator, without issue.

The question presented is: Does the latter part of §10504-73 GC, apply to the one-fourth of the estate devised to the son, or does such one-fourth descend as intestate property? The answer to this question turns upon the meaning of the word "relatives" as used in said section of the General Code.

**Sec. 10504-73 GC,** with the inappropriate parts deleted, reads as follows:

"Sec. 10504-73 GC. DEATH OF DEVISEE OR LEGATEE. When a devise of real or personal estate is made to a **child or other relative of the testator,** if such child or other relative was dead at the time the will was made, or dies thereafter, leaving issue surviving the testator, in either case such issue shall take the estate devised as the devisee would have done, if he had survived the testator. If such **devisee** leaves no issue and the devise be of the * * * entire estate * * * to such devisee and **one or more children or relatives of the testator,** the estate devised shall pass to and vest in such other devisee or devisees surviving the testator in such proportions as the testamentary share of each devisee in the devised property bears to the total of the shares of all of the surviving devisees, unless a different disposition be made or required by the will."

It is definitely established that when a devise is made to a husband of the testatrix, if such husband predeceases the

testatrix, leaving issue .by a former marriage surviving the testatrix, such issue shall not take the estate devised to husband by virtue of §10504-73 GC, because a husband is not considered as coming within the meaning of the words ".child or other relative of the testator", as employed in said section. **Schaefer v. Bernhardt, 76 Oh St 443.** In that case the Court said:

"If the word should be regarded as including the husband there appears to be no principle upon which courts could deny it application to all of his relatives by blood, for the wife's relationship to them is the same in kind, though different in degree, as to her husband. It is, therefore, with obvious reason that courts have invoked the rule **Noscitur a sociis** as leading to the conclusion that the character of the relationship intended is that of the associated word 'child,' that is, a relationship by blood." * * *

In 57 American Jurisprudence, Wills, Sec. 1442, we find the following under the heading "Relations" or "Relatives", to-wit:

"Generally, the word 'relation' or 'relative' in a statute providing against the lapsing of a legacy or devise to a child or other relation or relative of the testator includes only relations by blood and not those merely by affinity, the courts frequently stressing the appearance of the word 'child' in conjunction with the word 'relatives' or 'relations' as an important factor in determining the relationship by blood and not by marriage is the proper construction to be placed on such phrases as 'child or other relation.' "

The note under the above quotation includes the case of **Schaefer v. Bernhardt, 76 Oh St 443,** cited above.

In 115 A. L. R., at page 447, we find this note under the term "Relations", to-wit:

"Generally, the word 'relation' or 'relative' in a statute providing against the lapsing of a devise or legacy to a child or other 'relation' or 'relative' of the testator includes only relations by blood, and not those merely by affinity."

Several Ohio cases are cited under this note.
In the case at bar, however, we have the question of whether

or not the latter part of §10504-73 GC, applies to the one-fourth interest of the estate devised to the son, when the will devises the entire estate to such son, a grandson and the wife. Is the wife to be considered as a relative entitled to a proportionate share of the son's one-fourth interest, together with the grandson, in accordance with the latter part of §10504-76 GC?

We have not been able to find a single case in Ohio on this point and counsel have cited no case in point from other jurisdictions.

When the statute provides that where the will devises the residuary estate or the entire estate to a devisee and one or more children or relatives of the testator, it means, in our opinion, that the statute applies only when those given a share of the residue or the entire estate are all relatives of the testator and not just some of them relatives. Therefore, if the wife is not to be classed as a relative within the meaning of the statute, the statute does not apply, and the son's one-fourth interest in this estate would, under the common law rule, pass as intestate property.

If, as we have observed above, it has been held that the statute does not apply to a devise to a wife who predeceases the testator, we see no reason why the same rule should not apply where the devise of the entire estate is made to the wife and other persons who are relatives of the testator. Consistency requires that the same meaning to the term "relative" should be applied in both situations. That this was the intention of the legislature when it enacted this statute, is brought home to us when we consider the following illustration: Suppose a testator devises his entire estate as follows: one-half to his wife and one-half to his two sons by a former marriage, and the wife predeceases the testator survived by one son of a former marriage. If the wife is to be considered as a "relative" within the meaning of the statute, the two sons of the testator would each receive only one-fourth of the estate, and the child of the wife would receive one-half of the estate.

It is therefore our conclusion that when the latter part of the statute uses the words "one or more children or relatives", the word "relatives" should, in accordance with the maxim **noscitur a sociis** be restricted to relationships which are consanguineous and not merely affinitive. We therefore hold that the provisions of §10504-73 GC, do not apply to the one-half interest in the estate devised to the son, Carl B. Needles, and that such one-half interest passes as intestate property.

The Antenuptial Agreement which we are asked to construe reads as follows:

"Ante-Nuptial Agreement

August 27, 1945

"Whereas the undersigned contemplate marriage, it is agreed by the parties, that in event said marriage should terminate in any manner before death, Ona Ellen Minton Needles shall receive from Fred Needles and from his property and possessions, in full of all claims of alimony, dower and any and all rights of every nature & description, the sum of $500.00, Five Hundred Dollars.

(Signed)   Ona Ellen Needles<br>(Signed)   Fred B. Needles"

The only manner in which a marriage may be terminated before death is by a decree of divorce rendered by a court of proper jurisdiction.  The testator and his wife were not divorced at the time of his death, so therefore the Ante-Nuptial Agreement never became operative.